**GAYLE A. KERN**
Nevada Bar No. 1620
**KAREN M. AYARBE, ESQ.**
Nevada Bar No. 3358
**LEACH KERN GRUCHOW**
**ANDERSON SONG**
5421 Kietzke Lane, Ste.200
Reno, Nevada 89511
Tel: (775) 324-5930
Fax: (775) 324-6173
Email: gkern@lkglawfirm.com
Email: kayarbe@lkglawfirm.com
*Attorneys for SMS Financial Recovery Services, LLC*

### UNITED STATES BANKRUPTCY COURT

### DISTRICT OF NEVADA

| | |
|---|---|
| In re: | CASE NO.:    20-51140-nmc |
| | CHAPTER    7 |
| JOGA S. MANN, | ADV. NO. |
| Debtor. | **ADVERSARY PROCEEDING** |
| | |
| SMS FINANCIAL RECOVERY | **COMPLAINT OBJECTING TO** |
| SERVICES, LLC | **DISCHARGE OF DEBT (11 U.S.C. §** |
| Plaintiff, | **727(a)(2); 11 U.S.C. § 727(a)(3); 11 U.S.C.** |
| | **§ 727(a)(4))** |
| vs. | |
| JOGA S. MANN, | |
| Defendant. | |
| _____/ | |

Plaintiff SMS Financial Recovery Services, LLC ("Plaintiff"), by and through its counsel

Leach Kern Gruchow Anderson Song, and as Creditor of the above-named Debtor Joga S. Mann

("Defendant") hereby objects to the entry of discharge in the above entitled bankruptcy case

pursuant to 11 U.S.C. §§ 727(a)(2), 727(a)(3), and 727(a)(4), the Federal Rules of Bankruptcy

Procedure, and the Federal Rules of Civil Procedure as referenced therein.  Plaintiff alleges, states,

and avers as follows:

### I.

### <u>GENERAL ALLEGATIONS</u>

1.    This Court has jurisdiction over this matter and these parties pursuant to 28 U.S.C.

§1334, 28 U.S.C. § 157(a), and LR 1001 (b)(1) of the Local Rules of Bankruptcy Practice for the

**LEACH KERN GRUCHOW ANDERSON SONG**
5421 Kietzke Lane, Suite 200, Reno, Nevada 89511
Telephone: (775) 324-5930 – Facsimile (775) 324-6173

LEACH KERN GRUCHOW ANDERSON SONG
5421 Kietzke Lane, Suite 200, Reno, Nevada 89511
Telephone: (775) 324-5930 – Facsimile (775) 324-6173

United States District Court for the District of Nevada.  This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(I).

2.     This matter is brought pursuant to Fed. R. Bankr. Pro. 7001 *et seq*. and 11 U.S.C. §§ 727(a)(2), 727(a)(3), and 727(a)(4).  Pursuant to F.R.Bankr.P. 7008 and LR 7008, Plaintiff consents to entry of final orders and judgment by the Court.

3.     Venue in this Court is proper under 28 U.S.C. § 1409.

4.     Plaintiff is, and was at all times relevant herein, a limited liability company organized and existing under the laws of the State of Arizona.

5.     Defendant is an individual who, pursuant to his Petition and Schedules ("Petition"), is a resident of the State of Nevada, address 1795 Ironwood Drive, #123, Minden, NV  89423 . (Petition, Doc. No. 1, page 2.)

## II.

## FACTUAL ALLEGATIONS

6.     On or about December 18, 2020, Defendant filed a voluntary petition under Chapter 7 of Title 11 of the United States Code and entitled *In Re Joga S. Mann*, *Debtor*, Case No. 20-51140, United States Bankruptcy Court, District of Nevada (hereinafter "the Underlying Bankruptcy Case").

7.     On or about April 18, 2017, in the 170th Judicial District of McLennan County, State of Texas, a default judgment for breach of personal guarantees was entered in the principal and pre-judgment interest amount of $3,033,087.37, plus pre- and post-judgment attorney's fees and costs and post-judgment interest at 5% per year, against Defendant and the non-filing purported ex-wife of Defendant, jointly and severally, in favor of Lakeland West Capital 31, LLC ("Lakeland West") in the case entitled *Lake West Capital 31, LLC vs. Joga S. Man and Rikki A.K. Mann*, Case No. 2017-608-4 (hereinafter the "Texas Judgment").  A true and correct copy of the Texas Judgment is attached hereto and incorporated herein by reference as **Exhibit "1."**

8.     On or about April 30, 2019, Lakeland West assigned to Plaintiff all rights, title, and interest in the Texas Judgment and all related documents and rights Lakeland West has in the Texas Judgment as assigned, amended, supplemented, restated, or modified, and to the underlying

Loan Documents as they may have been assigned, amended, supplemented, restated or modified. A true and correct copy of the Assignment of Judgments and Loan Documents is attached hereto and incorporated by reference as **Exhibit "2."**

9.      Defendant's statements in his Petition and attached Schedules in the Underlying Bankruptcy Case concerning his assets and liabilities include, but are not limited to, the following:

a.      Total assets of $1,100.00 and liabilities of $5,471,003.00 . (Petition, Doc. No. 1, page 11.)

b.      No interest in any Residence, Building, Land or other Real Estate, and no interest in any Vehicles. (Petition, Schedule A/B Property, Doc. No. 1, page 13.)

c.      Total Personal and Household Items of $950.00. (Petition, Schedule A/B Property, Doc. No. 1, pages 13-14.)

d.      Total Financial Assets of $150.00 in cash . No other financial assets are disclosed. (Petition, Schedule A/B Property, Doc. No. 1, pages 14-17.)

e.      No ownership or interest in a Business- Related Property, including Real Estate. (Petition, Schedule A/B Property, Doc. No. 1, pages 17-18.)

f.      No ownership or interest in any Farm and Commercial Fishing-Related Property. (Petition, Schedule A/B Property, Doc. No. 1, page 18.)

g.      No ownership or interest in any other property which is not otherwise identified in other sections of Schedule A/B Property.  (Petition, Schedule A/B Property, Doc. No. 1, page 19.)

h.      Total assets for Schedule A/B Property of $1,100.00.  (Petition, Schedule A/B Property, Doc. No. 1, page 19.)

i.      No secured creditors.  (Petition, Schedule D Secured Claims, Doc. No. 1, page 22.)

j.      Nonpriority Unsecured Claims in the total amount of $5,471,003.00. (Petition, Schedule E/F Unsecured Claims, Doc. No. 1, pages 23-31.)

k.      Take home pay income of $808.38 per month, as a bookkeeper for ABS Financial Group, Inc. (Petition, Schedule I Income, Doc. No. 1, pages 34-36.)

l.      Expenses of $1,105.00 per month, with a net monthly income of -$296.62. Defendant states he drives company car and lives on the motel property he manages in Minden, Nevada. (Petition, Schedule J Expenses, Doc. No. 1, pages 37-38.)

10.      Defendant states he made no payments or transfers of property within two (2) years before filing his Petition to anyone other than in the ordinary course of business or financial affairs. (Petition, Statement of Financial Affairs, Doc. No. 1, page 45.)

11.      Defendant states he made no transfers of any property within ten (10) years before filing his Petition to a self-settled trust or other asset protection device.  (Petition, Statement of Financial Affairs, Doc. No. 1, page 45.)

12.      Upon information and belief, the Trustee, Don W. Gieseke, has repeatedly requested Defendant to provide all books, documents, records, and papers in order to ascertain

LEACH KERN GRUCHOW ANDERSON SONG
5421 Kietzke Lane, Suite 200, Reno, Nevada 89511
Telephone: (775) 324-5930 – Facsimile (775) 324-6173

Defendant's financial condition and/or his business transactions with current and/or former business entities which he owns, owned, and/or in which has had an interest. Upon information and belief, there were several continuances of the 341 meeting due, in large part, to Defendant's failure, inability, and/or unwillingness to produce the records requested by the Trustee and/or answer the Trustee's questions,  including, without limitation, the following:

    a.  Meeting of Creditors – January 21, 2021:

    b.  Meeting of Creditors – February 25, 2021:

        The Trustee's Motion for Order Extending Time to Object to the Entry of the Discharge filed March 3, 2021 in the Underlying Bankruptcy Case, Doc. No. 14, and which states "The Trustee would like to extend this discharge date of the debtor to investigate the various business entities associated with the debtor. ***The debtor testified that he did not keep books and records of his business entities.***" (Doc. No. 14, page 2, ll. 1-3; emphasis added.);

    c.  Meeting of Creditors – May 21, 2021:

    d.  Meeting of Creditors – July 22, 2021:

    e.  Rule 2004 Examination – August 27, 2021:

        Upon information and belief, Defendant could not provide answers to multiple questions he agreed to provide records and information after the examination, but none of the requested documents have been provided to the Trustee or Trustee's counsel.

    f.  Meeting of Creditors – September 9, 2021:

    g.  Meeting of Creditors – November 19, 2021:

13. Upon information and belief, Defendant testified in his 341 examination that he cannot provide the documents and records requested by the Trustee regarding his financial condition and/or his business entities because he has not maintained, kept, and/or preserved such records, either physically or digitally.

14. Upon information and belief, the only documents produced by Defendant to the Trustee include individual tax returns for years 2018, 2019, and 2020 and corporate tax returns for

LEACH KERN GRUCHOW ANDERSON SONG
5421 Kietzke Lane, Suite 200, Reno, Nevada 89511
Telephone: (775) 324-5930 – Facsimile (775) 324-6173

two entities for years 2017 and 2018. Upon information and belief, the tax returns produced contradict the Defendant's statements as to his financial status in Defendant's Petition, Schedules, and testimony including, without limitation, the following:

a. Defendant's wages and payroll deductions are specified on the Petition (Doc. No. 1, Schedule I, pages 34-36) as from employment for the prior two (2) years at ABS Financial Group performing bookkeeping services. Upon information and belief, Defendant testified in his 341 examination and Rule 2004 Examination that ABS Financial Group is owned and operated by one of his sons, and upon information and belief, the 2019 and 2020 personal tax returns produced reflect no wage income or payroll deductions. Both tax returns were prepared by Defendant's son "Akashbir S Mann" for firm "ABS," Defendant's employer as stated in Schedule I and, in contradiction to the Defendant's Petition and Schedules, the Defendant's federal income tax returns specify no wage income or associated payroll tax deductions for such employment.

b. Defendant's disclosure of ownership in the business known as "Huntsville Akash Hotels Int'l" in his Statement of Financial Affairs for Individuals Filing for Bankruptcy, Part 11 (Doc. No. 1, page 47) states an ownership interest by the Defendant of only 15%. The 2018 Schedule K-1 produced to the Trustee shows the Defendant owning 50% of that hotel business. The 2017 Schedule K-1 produced to the Trustee shows Defendant owning fifty percent (50%) of Killeen Akash Hotels International, Inc. Copies of the K-1 Schedules are attached hereto as **Exhibit "3"** and incorporated by reference.

15. Upon information and belief, Defendant assigned, transferred, and/or endorsed checks payable to him from related business entities to insiders including, without limitation, his son Akashbir Mann ("Akashbir") within one (1) year of the filing of the Petition. A check dated January 10, 2020 from "A FOOD MART" made payable to Defendant, and deposited directly into Akashbir's individual checking account, is attached hereto and incorporated herein by reference as **Exhibit "4."**

LEACH KERN GRUCHOW ANDERSON SONG
5421 Kietzke Lane, Suite 200, Reno, Nevada 89511
Telephone: (775) 324-5930 – Facsimile (775) 324-6173

LEACH KERN GRUCHOW ANDERSON SONG
5421 Kietzke Lane, Suite 200, Reno, Nevada 89511
Telephone: (775) 324-5930 – Facsimile (775) 324-6173

16.     Upon information and belief, Defendant testified in his January 21, 2021 341 examination that he does not know what Mann Farms, Inc. and/or Mann Farms, LLC is (hereinafter, collectively "Mann Farms"), that he is not a farmer,  that his son "farms" Mann Farms, and that he has not assigned, endorsed, and/or made out any checks to Mann Farms within the last two (2) – three (3) years.

17.     Upon information and belief, Defendant posted a photo on Facebook on or about September 6, 2018 with the caption "J S MANN WORKING FARMER."  A Facebook user asks, "Mann Bhaji what are you farming?" to which the Defendant replies, "Almonds and Walnuts!." Defendant was further asked, "Where Bhaji?  I grow almonds and walnuts next to Sacramento Airport" to which Defendant responds, "I am farming in Colusa and Fresno."  Copies of these Facebook posts are attached hereto and incorporated herein by reference as **"Exhibit  "5."**

18.     Upon information and belief, prior to filing his Petition, Defendant assigned and/or endorsed checks made payable to him to Mann Farms and/or other insiders including, without limitation, his son Akashbir.  Copies of these transfers include, without limitation, the checks attached hereto and incorporated herein by reference as **Exhibit "6."**

19.     Upon information and belief, prior to filing his Petition, Defendant received check(s) payable to him from Mann Farms, deposited checks into Mann Farms, and/or wrote checks on behalf of Mann Farms.  Copies of these transactions from or on behalf of Mann Farms by Defendant include, without limitation, those attached hereto and incorporated herein by reference as **Exhibit "7."**

20.     Upon information and belief, Defendant was listed as a signatory on an account for and as President of Mann Farms in 2016.  A copy of a Mann Farms account signature card is attached hereto and incorporated herein by reference as **Exhibit "8."**

21.     Upon information and belief, Defendant testified in his Rule 2004 Examination that he never signed any checks for Mann Farms.    A copy of the 2004 examination transcript at page 50, line 16, is attached hereto and incorporated herein by reference as **Exhibit "9."**

///

///

LEACH KERN GRUCHOW ANDERSON SONG
5421 Kietzke Lane, Suite 200, Reno, Nevada 89511
Telephone: (775) 324-5930 – Facsimile (775) 324-6173

22.     Upon information and belief, additional checks were signed by Defendant on behalf of Mann Farms, Inc. in 2018.   Copies of the following checks are attached hereto and incorporated herein by reference as **Exhibit "10:"**

  a.  Mann Farms check dated January 1, 2018, made payable to Mezger Trucking LP and signed by Defendant;

  b.  Mann Farms check dated January 31, 2018, made payable to Traveler's Insurance and signed by Defendant; and

  c.  Mann Farms check dated February 14, 2018, made payable to Carmen Cleaning with memo "For Condo," and signed by Defendant.

23.     Upon information and belief, Defendant testified in his 341 examinations that he has had no involvement in, a position with, and/or access to any other business entities, including his sons' businesses,  in many years.

24.     Upon information and belief, Defendant was listed as a signatory on accounts for other insider, undisclosed business entities.  Copies of account signature cards for Akash Hotels International, Defendant as President in 2015, and Huntsville Akash Hotels International, Defendant as Principal Holder in 2012, Inc. are attached hereto and incorporated herein by reference as **Exhibit "11."**

25.     Upon information and belief, Defendant testified in his 341 examinations that he had only one (1) credit card and, while ex-spouse Rikki Mann is jointly on the credit card account, he should not be, and that he has not spent any time with her for a number of years.

26.     Upon information and belief, Defendant and his ex-wife shared a joint Discover Credit Card as recently as December 2020.  Copies of Discover Credit Card statements with both Defendant's and his ex-wife's names, address in Granite Bay, California, are attached hereto and incorporated herein by reference as **Exhibit "12."**

27.     Upon information and belief, Defendant procured a cashier's check dated January 3, 2019 from Wells Fargo Bank made payable to Discover in the amount of $13,000 to pay the Discover credit card balance.  See, **Exhibit "12."**

///

LEACH KERN GRUCHOW ANDERSON SONG
5421 Kietzke Lane, Suite 200, Reno, Nevada 89511
Telephone: (775) 324-5930 – Facsimile (775) 324-6173

28.     Upon information and belief, Defendant and his ex-wife travelled together to India in or about 2018.  A copy of an October 2018 credit card statement of Defendant's ex-wife is attached hereto and incorporated by reference as **Exhibit "13."**

29.     Upon information and belief, Defendant is not residing in and/or working in Minden, Nevada managing a motel property, but he is living in California with his ex-wife and/or his sons at 4747 Trowbridge, Granite Bay, California, an approximately 6,900 square foot home. A copy of Placer County Assessor property information for that property is attached hereto and incorporated by reference as **Exhibit "14."**

30.     Upon information and belief, Defendant testified at his 341 examination that his sons have a "bunch of businesses" but that he, Defendant, has had nothing to do with any of their businesses.

31.     Upon information and belief, Defendant deposited a cashier's check he obtained into the account of his son's  business A-1 Super Hotels, Inc.    A copy of the deposit slip for A-1 Super Hotels, Inc. is  attached hereto and incorporated herein by reference as **Exhibit "15."**

## FIRST CLAIM FOR RELIEF

### 11 U.S.C § 727(a)(2)(A)

32.     Plaintiff re-alleges and incorporates by references the allegations stated in Paragraphs 1 through 31, inclusive, as if stated in full herein.

33.     Upon information and belief, within one (1) year before the Petition, Defendant transferred, removed, or permitted to be transferred or moved cash assets or other property to insiders including, without limitation, his son Akashbir Mann.

34.     Upon information and belief, the transfer and/or removal of Defendant's cash assets or other property prevents the distribution of Defendant's property to his unsecured creditors.

35.     Upon information and belief, Defendant with intent to hinder, delay, or defraud his creditors or an officer of the estate transferred or removed, or permitted to be transferred or removed, Defendant's property.

36.     Upon information and belief, by transferring or removing, or permitting the transfer or removal of Defendant's property with intent to hinder, delay, or defraud creditors or an officer

of the estate, Defendant violated the provisions of 11 U.S.C. § 727(a)(2)(A), and entry of a non-dischargeable judgment against him is required.

## SECOND CLAIM FOR RELIEF

### 11 U.S.C. § 727(a)(3)

37.    Plaintiff re-alleges and incorporates by references the allegations stated in Paragraphs 1 through 36, inclusive, as if stated in full herein.

38.    Upon information and belief, Defendant has concealed, destroyed, mutilated, falsified, and/or failed to keep or preserve any recorded information including, without limitation, books, documents, records, papers, from Defendant's financial condition or business transactions can be ascertained.

39.    Upon information and belief, by concealing, destroying, mutilating, falsifying, and/or failing to keep or preserve any recorded information including, without limitation, books, documents, records, papers, from Defendant's financial condition or business transactions can be ascertained, Defendant violated the provisions of 11 U.S.C. § 727(a)(3), and entry of a non-dischargeable judgment against him is required.

## THIRD CLAIM FOR RELIEF

### 11 U.S.C. §727(a)(4)

40.    Plaintiff re-alleges and incorporates by references the allegations stated in Paragraphs 1 through 39, inclusive, as if stated in full herein.

41.    Upon information and belief, Defendant knowingly and fraudulently, in or in connection with the Underlying Bankruptcy Case, made a false oath or account in violation of 11 U.S.C. § 727(a)(4)(A) about, without limitation, his assets and liabilities, ownership interest in business entities, transfers of assets and other property, place of residence, employment, preservation of books and records, income, and/or expenses.

42.    Upon information and belief, Defendant knowingly and fraudulently, in or in connection with the Underlying Bankruptcy Case, presented or used a false claim in violation of 11 U.S.C. § 727(a)(4)(B) about, without limitation, his assets and liabilities, ownership interest in

LEACH KERN GRUCHOW ANDERSON SONG
5421 Kietzke Lane, Suite 200, Reno, Nevada 89511
Telephone: (775) 324-5930 – Facsimile (775) 324-6173

business entities, transfers of assets and other property, place of residence, employment, preservation of books and records, income, and/or expenses.

43.    Upon information and belief, Defendant knowingly and fraudulently, in or in connection with the Underlying Bankruptcy Case, and in violation of 11 U.S.C. § 727(a)(4)(D), withheld from an officer of the estate recorded information including, without limitation books, records, documents, and papers relating to Defendant's property or financial affairs.

44.    Upon information and belief, by violating the provisions of 11 U.S.C. § 727(a)(2), 11 U.S.C. § 727(a)(3), and 11 U.S.C. § 727(a)(4), entry of a non-dischargeable judgment against Defendant is required.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for entry of judgment against Defendant as follows:

1.    That the Court determine the Texas Judgment against Defendant, in the amount of $3,033,087.37, plus pre- and post-judgment attorney's fees and costs and post judgment interest at 5% per year until paid in full, be deemed non-dischargeable pursuant to 11 U.S.C. § 727(a)(2)(A);

2.    That the Court determine the Texas Judgment against Defendant, in the amount of $3,033,087.37, plus pre- and post-judgment attorney's fees and costs and post judgment interest at 5% per year until paid in full, be deemed non-dischargeable pursuant to 11 U.S.C. § 727(a)(3);

3.    That the Court determine the Texas Judgment against Defendant, in the amount of $3,033,087.37, plus pre- and post-judgment attorney's fees and costs and post-judgment interest at 5% per year until paid in full, be deemed non-dischargeable pursuant to 11 U.S.C. § 727(a)(4)(A)(B)(D);

4.    For Plaintiff's attorney's fees and costs of suit incurred herein; and

///

///

///

///

///

LEACH KERN GRUCHOW ANDERSON SONG
5421 Kietzke Lane, Suite 200, Reno, Nevada 89511
Telephone: (775) 324-5930 – Facsimile (775) 324-6173

5.    For such other and further relief as the Court deems just, proper, and equitable.

DATED this 29th day of April, 2022.

LEACH KERN GRUCHOW ANDERSON SONG

/s/ Karen M. Ayarbe, Esq.
KAREN M. AYARBE, ESQ.
Nevada Bar No. 3358
Attorneys for SMS Financial
Recovery Services, LLC

LEACH KERN GRUCHOW ANDERSON SONG
5421 Kietzke Lane, Suite 200, Reno, Nevada 89511
Telephone: (775) 324-5930 – Facsimile (775) 324-6173

-11-

LEACH KERN GRUCHOW ANDERSON SONG
5421 Kietzke Lane, Suite 200, Reno, Nevada 89511
Telephone: (775) 324-5930 – Facsimile (775) 324-6173

## INDEX OF EXHIBITS

| Exhibit | Exhibit Description | Pages |
|---|---|---|
| 1 | Default Judgment | 24 |
| 2 | Assignment of Judgments and Loan Documents | 2 |
| 3 | K-1 Schedules | 2 |
| 4 | January 10, 2020 Check | 1 |
| 5 | Facebook Posts – September 6, 2018 | 2 |
| 6 | Checks Assigned to Mann Farms | 23 |
| 7 | Mann Farms  Checks | 2 |
| 8 | Mann Farms Signature Card | 1 |
| 9 | 2004 Examination Transcript | 5 |
| 10 | Mann Farms Checks Signed by Joga Mann | 3 |
| 11 | Signature Cards for Business Entities Huntsville Hotels International, Inc. and Akash Hotels International | 7 |
| 12 | Discovery Credit Card Statement | 3 |
| 13 | Capital One Credit Card Statement | 3 |
| 14 | Placer County Assessor Sheet on 4747 Trowbridge, Granite Bay, California | 3 |
| 15 | A-1 Super Motels, Inc. Deposit Slip, June 5, 2019 | 2 |

# EXHIBIT "1"

EXHIBIT "1"

NO. 2017-608-4

| | | |
|---|---|---|
| LAKELAND WEST CAPITAL 31, LLC | § | IN THE 170th JUDICIAL |
| | § | |
| vs. | § | DISTRICT COURT OF |
| | § | |
| JOGA S. MANN AND RIKKI A.K. MANN | § | McLENNAN COUNTY, TEXAS |

FILED
2017 APR 18 PH 3: 52

## DEFAULT JUDGMENT

Joga S. Mann and Rikki A.K. Mann, although duly cited to appear and answer herein, have failed to file an answer within the time allowed by law.

The Court has considered the pleadings and official records on file in this cause and the evidence and is of the opinion that the allegations contained in Plaintiff's Original Petition are true and that judgment should be rendered for Plaintiff. Copies of the original of the notes on which this cause is based, marked Exhibit "A" and Exhibit "B", are attached hereto and incorporated in this judgment by reference as if copied herein verbatim ("Note One" and "Note Two"). A copy of the original of the Guaranty in which Defendants unconditionally guaranteed payment of Note One and Note Two, marked Exhibit "C", is attached hereto and incorporated in this judgment by reference as if copied herein verbatim ("Guaranty").

It is accordingly ORDERED that Lakeland West Capital 31, LLC, Plaintiff, whose address is P.O. Box 8152, Waco, Texas 76714, recover from Joga S. Mann and Rikki A.K. Mann, Defendants, jointly and severally pursuant to the Guaranty for judgment;

1. $3,033,087.37 as the principal and pre-judgment interest amount due on Note One and Note Two;

2. $2,500.00 as attorney's fees, up to and including entry of this judgment;

3. $2,500.00 for post-judgment attorney's fees in collecting this judgment, but if such services are not rendered, Defendants shall be entitled to a remittitur of such $1,000.00;

4. $515.00 for costs of court; and

5. interest at the rate of 5% per year on the total judgment from the date of judgment until paid.

It is ORDERED that Plaintiff shall have all writs of execution and other process

necessary to enforce this judgment.

All relief not expressly granted herein is denied.

SIGNED on April 18, 2017.

_____

JUDGE PRESIDING

**EXHIBIT A**

Loan # 919856

**PROMISSORY NOTE**

DATE: August 30, 2007

PROMISE TO PAY: For value received, the undersigned Borrower (whether one or more) promises to pay to the order of Lender the Principal Amount, together with interest on the unpaid balance of such amount, in lawful money of the United States of America, in accordance with all the terms, conditions and covenants of this Note and the Loan Documents identified below.

| | |
|---|---|
| BORROWER: | KILLEEN AKASH HOTELS INTERNATIONAL, INC., by and through JOGA S. MANN, PRESIDENT, and RIKKI A. K. MANN, SECRETARY |
| BORROWER'S ADDRESS: | 2709 Cunningham Rd. Killeen, Texas |
| LENDER: | FIRST NATIONAL BANK dba NATIONAL BANK OF COMMERCE |
| LENDER'S ADDRESS: | 501 Commerce Street, Childress, Texas 79201 |
| PRINCIPAL AMOUNT: | $5,554,846.37 |
| INTEREST RATE: | 8.50% |

The unpaid principal balance of this Note from time to time outstanding shall bear interest from the date of this Note until maturity of this Note (by acceleration or otherwise) at 8.50%.

As used herein, the term "Maximum Lawful Rate" shall mean the maximum rate of interest and the term "Maximum Lawful Amount" shall mean the maximum amount of interest that is permissible under applicable state or federal law for the type of loan evidenced by this Note. To the extent of the applicability of Chapter 303 of the Texas Finance Code, the Maximum Lawful Rate shall be the highest permitted rate based on the weekly rate ceiling determined as of the applicable time provided for in said code. If the Maximum Lawful Rate is increased by statute or other governmental action subsequent to the date of this Note, then the new Maximum Lawful Rate shall be applicable to this Note from the effective date thereof, unless otherwise prohibited by applicable law.

PAYMENT TERMS:

Borrower shall pay principal and accrued interest as follows:

(a) Subject to adjustments as hereafter provided, principal and interest shall be payable in monthly installments, with an initial monthly payment of $48,625.13 each, including interest, commencing on September 15, 2007, and continuing on the same day of each month thereafter until and including the date when the entire principal balance is due.

(b) Notwithstanding anything herein contained to the contrary, Lender reserves the right to increase or decrease the required monthly payments of principal and interest on any monthly payment date to fully amortize the unpaid principal balance of this Note over the remainder of the original 3-year amortization period based on the interest rate in effect on any adjustment date.

1

(c)   The entire unpaid principal balance, together with all accrued but unpaid interest, shall be due and payable in full with a BALLOON payment due on March 15, 2010, the scheduled maturity date.

PREPAYMENT:

In the event Borrower prepays loan in full prior to its scheduled termination date, Borrower shall pay Lender a prepayment penalty equal to 3% of the outstanding principal loan balance prior to such payments.

LATE CHARGE:

At the option of Lender, the undersigned shall pay a late charge equal to five percent (5.0%) of any monthly payment due under the terms of this Note when paid more than fifteen (15) days after the due date thereof to cover Lender's extra administrative expenses involved in the handling of delinquent payments.

INTEREST PROVISIONS:

(a)   Rate: The principal balance of this Note from time to time remaining unpaid prior to maturity shall bear interest at the Interest Rate per annum stated above.

(b)   Maximum Lawful Interest: The term "Maximum Lawful Rate" means the maximum rate of interest and the term "Maximum Lawful Amount" means the maximum amount of interest that are permissible under applicable state or federal law for the type of loan evidenced by this Note and the other Loan Documents. To the extent of the applicability of Chapter 303 of the Texas Finance Code, the Maximum Lawful Rate shall be the highest permitted rate based on the weekly rate ceiling determined as of the applicable time provided for in said statute. If the Maximum Lawful Rate is increased by statute or other governmental action subsequent to the date of this Note, then the new Maximum Lawful Rate shall be applicable to this Note from the effective date thereof, unless otherwise prohibited by applicable law.

(c)   Spreading of Interest: Because of the possibility of irregular periodic balances of principal or premature payment, the total interest that will accrue under this Note cannot be determined in advance. Lender does not intend to contract for, charge or receive more than the Maximum Lawful Rate or Maximum Lawful Amount permitted by applicable state or federal law, and to prevent such an occurrence Lender and Borrower agree that all amounts of interest, whenever contracted for, charged or received by Lender, with respect to the loan of money evidenced by this Note, shall be spread, prorated or allocated over the full period of time this Note is unpaid, including the period of any renewal or extension of this Note. If demand for payment of this Note is made by Lender prior to the full stated term, the total amount of interest contracted for, charged or received to the time of such demand shall be spread, prorated or allocated along with any interest thereafter accruing over the full period of time that this Note thereafter remains unpaid for the purpose of determining if such interest exceeds the Maximum Lawful Amount.

(d)   Excess Interest: At maturity (whether by acceleration or otherwise) or on earlier final payment of this Note, Lender shall compute the total amount of interest that has been contracted for, charged or received by Lender or payable by Borrower under this Note and compare such amount to the Maximum Lawful Amount that could have been contracted for, charged or received by Lender. If such computation reflects that the total amount of interest that

2

has been contracted for, charged or received by Lender or payable by Borrower exceeds the Maximum Lawful Amount, then Lender shall apply such excess to the reduction of the principal balance and not to the payment of interest; or if such excess interest exceeds the unpaid principal balance, such excess shall be refunded to Borrower. This provision concerning the crediting or refund of excess interest shall control and take precedence over all other agreements between Borrower and Lender so that under no circumstances shall the total interest contracted for, charged or received by Lender exceed the Maximum Lawful Amount.

(e)   Interest After Default: At Lender's option, the unpaid principal balance shall bear interest after maturity (whether by acceleration or otherwise) at the "Default Interest Rate." The Default Interest Rate shall be, at Lender's option, (i) the Maximum Lawful Rate, if such Maximum Lawful Rate is established by applicable law; or (ii) the Interest Rate stated on the first page of this Note plus five (5) percentage points, if no Maximum Lawful Rate is established by applicable law; or (iii) eighteen percent (18%) per annum; or (iv) such lesser rate of interest as Lender in its sole discretion may choose to charge; but never more than the Maximum Lawful Rate or at a rate that would cause the total interest contracted for, charged or received by Lender to exceed the Maximum Lawful Amount.

(f)   Daily Computation of Interest: To the extent permitted by applicable law, Lender at its option may either (i) calculate the per diem interest rate or amount based on the actual number of days in the year (365 or 366, as the case may be), and charge that per diem interest ratio or amount each day or (ii) calculate the per diem interest rate or amount as if each year has only 360 days, and charge that per diem interest rate or amount each day for the actual number of days of the year (365 or 366 as the case may be). If this Note calls for monthly payments, Lender at its option may determine the payment amount based on the assumption that each year has only 360 days and each month has 30 days. In no event shall Lender compute the interest in a manner that would cause Lender to contract for, charge or receive interest that would exceed the Maximum Lawful Rate or the Maximum Lawful Amount.

DEFAULT PROVISIONS:

(a)   EVENTS OF DEFAULT AND ACCELERATION OF MATURITY: LENDER MAY, WITHOUT NOTICE OR DEMAND (except as otherwise required by statute or otherwise specifically provided in this Note or any of the other Loan Documents),

ACCELERATE THE MATURITY OF THIS NOTE AND DECLARE THE ENTIRE UNPAID PRINCIPAL BALANCE AND ACCRUED INTEREST AT ONCE DUE AND PAYABLE IF:

(i)   There is default in the payment of any installment of principal, interest or any other sum required to be paid under the terms of this Note or any of the Loan Documents;

(ii)  There is default (other than a payment default) in the performance of any covenant, condition, or agreement contained in this Note or any of the Loan Documents, including any instrument securing the payment of this Note or any loan agreement relating to the advance of loan proceeds;

(iii) There is a termination, liquidation or dissolution, as the case may be, of any party liable for the payment of this

3

Note whether as maker, endorser, guarantor, surety or otherwise;

(iv)    There is a bankruptcy or insolvency of, the assignment for the benefit of creditors by, or the appointment of a receiver for any of the property of any party liable for the payment of this Note whether as maker, endorser, guarantor, surety or otherwise; or

(v)    There is a default in the payment of any other indebtedness due the holder hereof or a default in the performance of any other obligation to the holder hereof by the undersigned or any other party liable or obligated for the payment hereof, whether as endorser, guarantor, surety or otherwise.

(b)    <u>WAIVER BY BORROWER</u>: EXCEPT AS OTHERWISE EXPRESSLY PROVIDED HEREIN OR IN ANY OF THE LOAN DOCUMENTS, BORROWER AND ALL OTHER PARTIES LIABLE FOR THIS NOTE WAIVE DEMAND, NOTICE OF INTENT TO DEMAND, PRESENTMENT FOR PAYMENT, NOTICE OF NONPAYMENT, PROTEST, NOTICE OF PROTEST, GRACE, NOTICE OF DISHONOR, NOTICE OF INTENT TO ACCELERATE MATURITY, NOTICE OF ACCELERATION OF MATURITY, AND DILIGENCE IN COLLECTION. EACH BORROWER, SURETY, ENDORSER, AND GUARANTOR OF THIS NOTE WAIVES AND AGREES TO ONE OR MORE EXTENSIONS FOR ANY PERIOD OR PERIODS OF TIME, AND ANY PARTIAL PAYMENTS, BEFORE OR AFTER MATURITY, WITHOUT PREJUDICE TO THE HOLDER OF THIS NOTE. EACH BORROWER, SURETY, ENDORSER, AND GUARANTOR WAIVES NOTICE OF ANY AND ALL RENEWALS, EXTENSIONS, REARRANGEMENTS, AND MODIFICATIONS OF THIS NOTE.

(c)    <u>Non-Waiver by Lender</u>: Any previous extension of time, forbearance, failure to pursue some remedy, acceptance of late payments, or acceptance of partial payment by Lender, before or after maturity, does not constitute a waiver by Lender of its subsequent right to strictly enforce the collection of this Note according to its terms.

(d)    <u>Other Remedies Not Required</u>: Lender shall not be required to first file suit, exhaust all remedies, or enforce its rights against any security in order to enforce payment of this Note.

(e)    <u>Joint and Several Liability</u>: Each Borrower who signs this Note, and all of the other parties liable for the payment of this Note, such as guarantors, endorsers, and sureties, are jointly and severally liable for the payment of this Note.

(f)    <u>Attorney's Fees</u>: If Lender requires the services of an attorney to enforce the payment of this Note or the performance of the other Loan Documents, or if this Note is collected through any lawsuit, probate, bankruptcy, or other judicial proceeding, Borrower agrees to pay Lender an amount equal to its reasonable attorney's fees and other collection costs. This provision shall be limited by any applicable statutory restrictions relating to the collection of attorney's fees.

MISCELLANEOUS PROVISIONS:

(a)    <u>Subsequent Holder</u>: All references to Lender in this Note shall also refer to any subsequent owner or holder of this Note by transfer, assignment, endorsement or otherwise.

(b)    <u>Transfer</u>: Borrower acknowledges and agrees that Lender may transfer this Note or partial interests in the Note to one or more transferees or participants. Borrower authorizes Lender to

4

disseminate any information it has pertaining to the loan evidenced by this Note, including, without limitation, credit information on Borrower and any guarantor of this Note, to any such transferee or participant or prospective transferee or participant.

(c) Other Parties Liable: All promises, waivers, agreements and conditions applicable to Borrower shall likewise be applicable to and binding upon any other parties primarily or secondarily liable for the payment of this Note, including all guarantors, endorsers and sureties.

(d) Successors and Assigns: The provisions of this Note shall be binding upon and for the benefit of the successors, assigns, heirs, executors and administrators of Lender and Borrower.

(e) Modifications: Any modifications agreed to by Lender relating to the release of liability of any of the parties primarily or secondarily liable for the payment of this Note, or relating to the release, substitution, or subordination of all or part of the security for this Note, shall in no way constitute a release of liability with respect to the other parties or security not covered by such modification.

(f) Entire Agreement: Borrower warrants and represents that the Loan Documents constitute the entire agreement between Borrower and Lender with respect to the loan evidenced by this Note and agrees that no modification, amendment or additional agreement with respect to such loan or the advancement of funds thereunder will be valid and enforceable unless made in writing signed by both Borrower and Lender.

(g) Borrower's Address for Notice: All notices required or permitted to be sent by Lender to Borrower under this Note shall be deemed received by Borrower on the earlier of (i) actual receipt or (ii) when sent by U.S. Mail, postage prepaid, certified mail, return receipt requested, to Borrower's Address for Notice stated on the first page of this Note until Lender shall receive written notification from Borrower of a new address for notice.

(h) Lender's Address for Payment: All sums payable by Borrower to Lender shall be paid at Lender's Address for Payment stated on the first page of this Note, or at such other address as Lender shall designate from time to time.

(i) Business Use: Borrower warrants and represents to Lender that the proceeds of this Note will be used solely for business or commercial purposes, and in no way will the proceeds be used for personal, family, or household purposes.

(j) Chapter 346 Not Applicable: It is understood that Chapter 346 of the Texas Finance Code relating to certain revolving credit loan accounts and tri-party accounts is not applicable to this Note.

(k) Right of Offset and Pledge of Deposits: The holder of this Note shall have the right at any time before or after the maturity of this Note to offset against the sums due hereon the same amount that any of the undersigned shall now or hereafter have on deposit with the holder of this Note, whether any such deposit be special or general, including, but not limited to, any checking account, savings account or certificate of deposit (excluding any IRA or other qualified retirement account), and each of the undersigned

5

hereby pledge and grant to the holder of this Note a security interest in said deposits as additional security for this Note.

(l)  <u>Waiver of Jury Trial</u>: AS A MATERIAL INDUCEMENT FOR LENDER TO ENTER INTO THE COMMERCIAL LOAN TRANSACTION CONTEMPLATED BY THE LOAN AGREEMENT AND EVIDENCED HEREBY, BORROWER AND LENDER HEREBY WAIVE ANY RIGHT TO A TRIAL BY JURY OF ANY OR ALL ISSUES ARISING IN ANY ACTION, PROCEEDING OR COUNTERCLAIM BETWEEN BORROWER AND LENDER OR THEIR RESPECTIVE SUCCESSORS OR ASSIGNS IN RESPECT OF ANY MATTER ARISING OUT OF, UNDER OR CONNECTED IN ANY MANNER WHATSOEVER WITH THIS NOTE OR THE OTHER LOAN DOCUMENTS.

(m)  <u>Applicable Law</u>: THIS NOTE HAS BEEN EXECUTED AND DELIVERED IN TEXAS, AND SHALL BE CONSTRUED IN ACCORDANCE WITH THE APPLICABLE LAWS OF THE STATE OF TEXAS AND THE LAWS OF THE UNITED STATES OF AMERICA APPLICABLE TO TRANSACTIONS IN TEXAS.

LOAN DOCUMENTS:

(a)  This Note consisting of 8 pages;

(b)  The Deed of Trust (Security Agreement, Assignment of Leases, Assignment of Rents, and Financing Statement) securing this Note, covering the following described property, to-wit:

A tract of land in Bell County, Texas, part of the W. H. Cole Survey, Abstract No. 150, and the land herein described being part of that called 33.068 acre tract of land described in a deed from Mountain Partners Two, Ltd, to Colonial Equities, Inc., Trustee, being of record in Volume 3353, Page 224, Official Public Records of Real Property, Bell County, Texas, and more particularly described as follows:

BEGINNING at a 3/8" iron rod found, being the Southeast corner of a called 1.1123 acre tract of land described in a deed to Whitis Investments, Ltd., being of record in Volume 5511, Page 231, Official Public Records of Real Property, Bell County, Texas, for the Northeast corner of this.

THENCE in a Southwesterly direction, following three (3) courses:

1)  S. 16° 21' 15" W., 4.36 feet to a 3/8" iron with cap stamped "M&ASSOC KILLEEN" set at the beginning of a curve to the right for a corner of this.

2)  271.82 feet, with said curve to the right (Long Chord bears S. 32° 42' 21" W. 268.15 feet, having a radius of 476.23 feet), to a 3/8" iron rod with cap stamped "M&ASSOC KILLEEN" set at the end of said curve to the right, for a corner of this.

3)  THENCE S. 49° 03' 27" W. 34.41 feet, to a 3/8" iron rod with cap stamped "M&ASSOC KILLEEN" set, for the Southeast corner of this.

THENCE N. 66° 34' 00" W., 316.12 feet, to a 3/8" iron rod with cap stamped "M&ASSOC KILLEEN" set, for the Southwest corner of this.

THENCE N. 23° 26' 00" E., 309.61 feet to a 3/8" iron rod with cap stamped "M&ASSOC KILLEEN", set in the South line of said 1.1123 acre tract of land, for the Northwest corner of this.

6

THENCE with the South line of said 1.123 acre tract of land, the following (2) courses:

1)   S. 61° 38' 35" E., 112.09 feet (Deed calls S. 61° 49' 05" E.), to a 3/8" iron rod found, for a corner of this.

2)   S. 66° 34' 00" E., 261.99 feet (Deed calls S. 66° 44' 30" E., 261.99 feet), to the POINT OF BEGINNING containing 2.501 acres of land.

The bearings for the above description are based on the North line of said 33.068 acre tract, being of record in Volume 3353, Page 224, Official Public Records of Real Property, Bell County, Texas.

(c)   Financing Statement; and

(d)   All other documents signed in connection with the loan evidenced by this Note.

THIS LOAN IS PAYABLE IN FULL AT MATURITY ON MARCH 15, 2010. YOU MAY BE REQUIRED TO REPAY THE ENTIRE PRINCIPAL BALANCE AND UNPAID INTEREST THEN DUE. LENDER IS UNDER NO OBLIGATION TO REFINANCE THE LOAN AT THAT TIME, ALTHOUGH IT MAY CONSIDER DOING SO. SOME OF THE FACTORS THAT LENDER WILL CONSIDER IN DETERMINING WHETHER OR NOT TO REFINANCE THE BALANCE AT MATURITY INCLUDE YOUR PAYMENT RECORD ON THIS LOAN, WHETHER THERE HAS BEEN A SIGNIFICANT DECLINE IN THE VALUE OF THE PROPERTY SECURING THIS LOAN AND WHETHER THERE HAS BEEN A SIGNIFICANT CHANGE IN YOUR FINANCIAL CONDITION SINCE THIS LOAN WAS MADE. THEREFORE, YOU MAY BE REQUIRED TO MAKE PAYMENT OUT OF OTHER ASSETS THAT YOU MAY OWN, OR YOU MAY HAVE TO FIND ANOTHER LENDER WILLING TO LEND YOU THE MONEY AT PREVAILING MARKET RATES, WHICH MAY BE HIGHER THAN THE INTEREST RATE ON THIS LOAN. IF YOU REFINANCE THIS LOAN AT MATURITY, YOU MAY HAVE TO PAY SOME OR ALL OF THE CLOSING COSTS NORMALLY ASSOCIATED WITH A NEW LOAN EVEN IF YOU OBTAIN REFINANCING FROM LENDER.

THIS WRITTEN PROMISSORY NOTE AND OTHER WRITTEN LOAN DOCUMENTS EXECUTED CONTEMPORANEOUSLY WITH THIS PROMISSORY NOTE REPRESENT THE FINAL AGREEMENT BETWEEN THE PARTIES AND MAY NOT BE CONTRADICTED BY EVIDENCE OF PRIOR, CONTEMPORANEOUS, OR SUBSEQUENT ORAL AGREEMENTS OF THE PARTIES.

THERE ARE NO UNWRITTEN ORAL AGREEMENTS BETWEEN THE PARTIES.

Dated this 30th day of August, 2007.

BORROWER:

KILLEEN AKASH HOTELS INTERNATIONAL, INC.,

BY: _____
    JOGA S. MANN, PRESIDENT

BY: _____
    RIKKI A. K. MANN, SECRETARY

7

STATE OF _____ §
COUNTY OF _____ §

This instrument was acknowledged before me on the _____ day of August, 2007, by Joga S. Mann, President of Killeen Akash Hotels International, Inc., and in the capacity therein stated.

_____
NOTARY PUBLIC

STATE OF _____ §
COUNTY OF _____ §

This instrument was acknowledged before me on the _____ day of August, 2007, by Rikki A. K. Mann, Secretary of Killeen Akash Hotels International, Inc., and in the capacity therein stated.

_____
NOTARY PUBLIC

8

State of __CALIFORNIA__

County of __SACRAMENTO__

On __August 30, 2007__ before me,__ M.A. BENNETT, NOTARY PUBLIC_____,

(here insert name and title of the officer)

personally appeared__ JOGA S. MANN AND RIKKI A.K. MANN_____

personally known to me (or proved to me on the basis of satisfactory evidence) to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

WITNESS my hand and official seal.

Signature _____          (Seal)

M. A. BENNETT
Commission # 1717491
Notary Public - California
Sacramento County
My Comm Expires Jan 16, 2011

(notary.wpd)(01-06)



EXHIBIT B

**Bell County**
**Shelley Coston**
**County Clerk**
**Belton, Texas 76513**



---

Instrument Number: **2014-00012147**

As

**Recordings**

Recorded On: April 08, 2014

Parties: KILLEEN AKASH HOTELS INTERNATIONAL INC

To    FIRST NATIONAL BANK DBA

**Billable Pages: 4**

**Number of Pages: 5**

Comment:

( Parties listed above are for Clerks reference only )

** Examined and Charged as Follows: **

Recordings                    23.00

    Total Recording:        23.00

---

\*\*\*\*\*\*\*\*\*\*\* **DO NOT REMOVE. THIS PAGE IS PART OF THE INSTRUMENT** \*\*\*\*\*\*\*\*\*\*\*

Any provision herein which restricts the Sale, Rental or use of the described REAL PROPERTY
because of color or race is invalid and unenforceable under federal law.

File Information:                              Record and Return To:
    Document Number: 2014-00012147
    Receipt Number: 200325                     FIRST NATIONAL BANK
    Recorded Date/Time: April 08, 2014 09:42:46A      POB 590
                                               SHAMROCK TX 79079-0590
        User / Station: L Mulcahy - Cash Station 3

---



I hereby certify that this instrument was filed on the date and time stamped hereon and was duly recorded in the Real Property
Records in Bell County, Texas

Shelley Coston
Bell County Clerk

924284

## PROMISSORY NOTE

DATE:      June 17, 2010

PROMISE TO PAY: For value received, the undersigned Borrower (whether one or more) promises to pay to the order of Lender the Principal Amount, together with interest on the unpaid balance of such amount, in lawful money of the United States of America, in accordance with all the terms, conditions and covenants of this Note and the Loan Documents identified below.

BORROWER:              KILLEEN AKASH HOTELS INTERNATIONAL, INC.,
                       by and through
                       JOGA S. MANN, PRESIDENT, and
                       RIKKI A. K. MANN, SECRETARY

BORROWER'S ADDRESS:    2709 Cunningham Rd.
                       Killeen, Texas

LENDER:                FIRST NATIONAL BANK dba NATIONAL BANK OF COMMERCE

LENDER'S ADDRESS:      P.O. Box 590, Shamrock, Texas 79079

PRINCIPAL AMOUNT:      $500,000.00

INTEREST RATE:   The unpaid principal balance of this Note from time to time outstanding shall bear interest from the date of this Note until maturity of this Note (by acceleration or otherwise) at an annual variable rate of interest equal to the lesser of (i) the Maximum Lawful Rate (as hereafter defined), or (ii) one half of one percent (0.50%) in excess of the Prime Rate on a floating basis as the Prime Rate changes from time to time during the term of this Note. The effective interest rate shall never be less than 6.00% and shall never be more than 10.50%. The effective initial interest rate is 6.00%. The amount of the monthly installment may change annually to reflect changes in the interest rate payable hereunder. Payee will determine the monthly payment in accordance with the above provisions of this note.

As used herein, the term "Maximum Lawful Rate" shall mean the maximum rate of interest and the term "Maximum Lawful Amount" shall mean the maximum amount of interest that is permissible under applicable state or federal law for the type of loan evidenced by this Note. To the extent of the applicability of Chapter 303 of the Texas Finance Code, the Maximum Lawful Rate shall be the highest permitted rate based on the weekly rate ceiling determined as of the applicable time provided for in said code. If the Maximum Lawful Rate is increased by statute or other governmental action subsequent to the date of this Note, then the new Maximum Lawful Rate shall be applicable to this Note from the effective date thereof, unless otherwise prohibited by applicable law.

PAYMENT TERMS:

Borrower shall pay principal and accrued interest as follows:

    (a)    Subject to adjustments as hereafter provided, interest shall be
           payable monthly for 6 months, beginning July 17, 2010, and
           continuing regularly until December 17, 2010; thereafter principal
           and interest will become payable in monthly installments of
           $4,021.12, beginning January 17, 2011, and continuing regularly
           until December 17, 2013, at which time the remaining amount of
           principal and interest will become due and payable.

1

(b)   Notwithstanding anything herein contained to the contrary, Lender reserves the right to increase or decrease the required monthly payments of principal and interest on any monthly payment date to fully amortize the unpaid principal balance of this Note over the remainder of the amortization period based on the interest rate in effect on any adjustment date.

(c)   The entire unpaid principal balance, together with all accrued but unpaid interest, shall be due and payable in full with a BALLOON payment due on December 17, 2013, the scheduled maturity date.

LATE CHARGE:

At the option of Lender, the undersigned shall pay a late charge equal to five percent (5.0%) of any monthly payment due under the terms of this Note when paid more than fifteen (15) days after the due date thereof to cover Lender's extra administrative expenses involved in the handling of delinquent payments.

INTEREST PROVISIONS:

(a)   Rate: The principal balance of this Note from time to time remaining unpaid prior to maturity shall bear interest at the Interest Rate per annum stated above.

(b)   Maximum Lawful Interest: The term "Maximum Lawful Rate" means the maximum rate of interest and the term "Maximum Lawful Amount" means the maximum amount of interest that are permissible under applicable state or federal law for the type of loan evidenced by this Note and the other Loan Documents. To the extent of the applicability of Chapter 303 of the Texas Finance Code, the Maximum Lawful Rate shall be the highest permitted rate based on the weekly rate ceiling determined as of the applicable time provided for in said statute. If the Maximum Lawful Rate is increased by statute or other governmental action subsequent to the date of this Note, then the new Maximum Lawful Rate shall be applicable to this Note from the effective date thereof, unless otherwise prohibited by applicable law.

(c)   Spreading of Interest: Because of the possibility of irregular periodic balances of principal or premature payment, the total interest that will accrue under this Note cannot be determined in advance. Lender does not intend to contract for, charge or receive more than the Maximum Lawful Rate or Maximum Lawful Amount permitted by applicable state or federal law, and to prevent such an occurrence Lender and Borrower agree that all amounts of interest, whenever contracted for, charged or received by Lender, with respect to the loan of money evidenced by this Note, shall be spread, prorated or allocated over the full period of time this Note is unpaid, including the period of any renewal or extension of this Note. If demand for payment of this Note is made by Lender prior to the full stated term, the total amount of interest contracted for, charged or received to the time of such demand shall be spread, prorated or allocated along with any interest thereafter accruing over the full period of time that this Note thereafter remains unpaid for the purpose of determining if such interest exceeds the Maximum Lawful Amount.

(d)   Excess Interest: At maturity (whether by acceleration or otherwise) or on earlier final payment of this Note, Lender shall compute the total amount of interest that has been contracted for, charged or received by Lender or payable by Borrower under this Note and compare such amount to the Maximum Lawful Amount that

2

could have been contracted for, charged or received by Lender. If such computation reflects that the total amount of interest that has been contracted for, charged or received by Lender or payable by Borrower exceeds the Maximum Lawful Amount, then Lender shall apply such excess to the reduction of the principal balance and not to the payment of interest; or if such excess interest exceeds the unpaid principal balance, such excess shall be refunded to Borrower. This provision concerning the crediting or refund of excess interest shall control and take precedence over all other agreements between Borrower and Lender so that under no circumstances shall the total interest contracted for, charged or received by Lender exceed the Maximum Lawful Amount.

(e)  <u>Interest After Default</u>: At Lender's option, the unpaid principal balance shall bear interest after maturity (whether by acceleration or otherwise) at the "Default Interest Rate." The Default Interest Rate shall be, at Lender's option, (i) the Maximum Lawful Rate, if such Maximum Lawful Rate is established by applicable law; or (ii) the Interest Rate stated on the first page of this Note plus five (5) percentage points, if no Maximum Lawful Rate is established by applicable law; or (iii) eighteen percent (18%) per annum; or (iv) such lesser rate of interest as Lender in its sole discretion may choose to charge; but never more than the Maximum Lawful Rate or at a rate that would cause the total interest contracted for, charged or received by Lender to exceed the Maximum Lawful Amount.

(f)  <u>Daily Computation of Interest</u>: To the extent permitted by applicable law, Lender at its option may either (i) calculate the per diem interest rate or amount based on the actual number of days in the year (365 or 366, as the case may be), and charge that per diem interest ratio or amount each day or (ii) calculate the per diem interest rate or amount as if each year has only 360 days, and charge that per diem interest rate or amount each day for the actual number of days of the year (365 or 366 as the case may be). If this Note calls for monthly payments, Lender at its option may determine the payment amount based on the assumption that each year has only 360 days and each month has 30 days. In no event shall Lender compute the interest in a manner that would cause Lender to contract for, charge or receive interest that would exceed the Maximum Lawful Rate or the Maximum Lawful Amount.

DEFAULT PROVISIONS:

(a)  <u>EVENTS OF DEFAULT AND ACCELERATION OF MATURITY</u>: LENDER MAY, WITHOUT NOTICE OR DEMAND (except as otherwise required by statute or otherwise specifically provided in this Note or any of the other Loan Documents),

ACCELERATE THE MATURITY OF THIS NOTE AND DECLARE THE ENTIRE UNPAID PRINCIPAL BALANCE AND ACCRUED INTEREST AT ONCE DUE AND PAYABLE IF:

(i)  There is default in the payment of any installment of principal, interest or any other sum required to be paid under the terms of this Note or any of the Loan Documents;

(ii) There is default (other than a payment default) in the performance of any covenant, condition, or agreement contained in this Note or any of the Loan Documents, including any instrument securing the payment of this Note or any loan agreement relating to the advance of loan proceeds;

3

(iii) There is a termination, liquidation or dissolution, as the case may be, of any party liable for the payment of this Note whether as maker, endorser, guarantor, surety or otherwise;

(iv) There is a bankruptcy or insolvency of, the assignment for the benefit of creditors by, or the appointment of a receiver for any of the property of any party liable for the payment of this Note whether as maker, endorser, guarantor, surety or otherwise; or

(v) There is a default in the payment of any other indebtedness due the holder hereof or a default in the performance of any other obligation to the holder hereof by the undersigned or any other party liable or obligated for the payment hereof, whether as endorser, guarantor, surety or otherwise.

(b) WAIVER BY BORROWER: EXCEPT AS OTHERWISE EXPRESSLY PROVIDED HEREIN OR IN ANY OF THE LOAN DOCUMENTS, BORROWER AND ALL OTHER PARTIES LIABLE FOR THIS NOTE WAIVE DEMAND, NOTICE OF INTENT TO DEMAND, PRESENTMENT FOR PAYMENT, NOTICE OF NONPAYMENT, PROTEST, NOTICE OF PROTEST, GRACE, NOTICE OF DISHONOR, NOTICE OF INTENT TO ACCELERATE MATURITY, NOTICE OF ACCELERATION OF MATURITY, AND DILIGENCE IN COLLECTION. EACH BORROWER, SURETY, ENDORSER, AND GUARANTOR OF THIS NOTE WAIVES AND AGREES TO ONE OR MORE EXTENSIONS FOR ANY PERIOD OR PERIODS OF TIME, AND ANY PARTIAL PAYMENTS, BEFORE OR AFTER MATURITY, WITHOUT PREJUDICE TO THE HOLDER OF THIS NOTE. EACH BORROWER, SURETY, ENDORSER, AND GUARANTOR WAIVES NOTICE OF ANY AND ALL RENEWALS, EXTENSIONS, REARRANGEMENTS, AND MODIFICATIONS OF THIS NOTE.

(c) Non-Waiver by Lender: Any previous extension of time, forbearance, failure to pursue some remedy, acceptance of late payments, or acceptance of partial payment by Lender, before or after maturity, does not constitute a waiver by Lender of its subsequent right to strictly enforce the collection of this Note according to its terms.

(d) Other Remedies Not Required: Lender shall not be required to first file suit, exhaust all remedies, or enforce its rights against any security in order to enforce payment of this Note.

(e) Joint and Several Liability: Each Borrower who signs this Note, and all of the other parties liable for the payment of this Note, such as guarantors, endorsers, and sureties, are jointly and severally liable for the payment of this Note.

(f) Attorney's Fees: If Lender requires the services of an attorney to enforce the payment of this Note or the performance of the other Loan Documents, or if this Note is collected through any lawsuit, probate, bankruptcy, or other judicial proceeding, Borrower agrees to pay Lender an amount equal to its reasonable attorney's fees and other collection costs. This provision shall be limited by any applicable statutory restrictions relating to the collection of attorney's fees.

MISCELLANEOUS PROVISIONS:

(a) Subsequent Holder: All references to Lender in this Note shall also refer to any subsequent owner or holder of this Note by transfer, assignment, endorsement or otherwise.

4

(b)   Transfer: Borrower acknowledges and agrees that Lender may transfer this Note or partial interests in the Note to one or more transferees or participants. Borrower authorizes Lender to disseminate any information it has pertaining to the loan evidenced by this Note, including, without limitation, credit information on Borrower and any guarantor of this Note, to any such transferee or participant or prospective transferee or participant.

(c)   Other Parties Liable: All promises, waivers, agreements and conditions applicable to Borrower shall likewise be applicable to and binding upon any other parties primarily or secondarily liable for the payment of this Note, including all guarantors, endorsers and sureties.

(d)   Successors and Assigns: The provisions of this Note shall be binding upon and for the benefit of the successors, assigns, heirs, executors and administrators of Lender and Borrower.

(e)   Modifications: Any modifications agreed to by Lender relating to the release of liability of any of the parties primarily or secondarily liable for the payment of this Note, or relating to the release, substitution, or subordination of all or part of the security for this Note, shall in no way constitute a release of liability with respect to the other parties or security not covered by such modification.

(f)   Entire Agreement: Borrower warrants and represents that the Loan Documents constitute the entire agreement between Borrower and Lender with respect to the loan evidenced by this Note and agrees that no modification, amendment or additional agreement with respect to such loan or the advancement of funds thereunder will be valid and enforceable unless made in writing signed by both Borrower and Lender.

(g)   Borrower's Address for Notice: All notices required or permitted to be sent by Lender to Borrower under this Note shall be deemed received by Borrower on the earlier of (i) actual receipt or (ii) when sent by U.S. Mail, postage prepaid, certified mail, return receipt requested, to Borrower's Address for Notice stated on the first page of this Note until Lender shall receive written notification from Borrower of a new address for notice.

(h)   Lender's Address for Payment: All sums payable by Borrower to Lender shall be paid at Lender's Address for Payment stated on the first page of this Note, or at such other address as Lender shall designate from time to time.

(i)   Business Use: Borrower warrants and represents to Lender that the proceeds of this Note will be used solely for business or commercial purposes, and in no way will the proceeds be used for personal, family, or household purposes.

(j)   Chapter 346 Not Applicable: It is understood that Chapter 346 of the Texas Finance Code relating to certain revolving credit loan accounts and tri-party accounts is not applicable to this Note.

(k)   Right of Offset and Pledge of Deposits: The holder of this Note shall have the right at any time before or after the maturity of this Note to offset against the sums due hereon the same amount that any of the undersigned shall now or hereafter have on deposit with the holder of this Note, whether any such deposit be special or general, including, but not limited to, any checking account,

5

savings account or certificate of deposit (excluding any IRA or other qualified retirement account), and each of the undersigned hereby pledge and grant to the holder of this Note a security interest in said deposits as additional security for this Note.

(1) Waiver of Jury Trial: AS A MATERIAL INDUCEMENT FOR LENDER TO ENTER INTO THE COMMERCIAL LOAN TRANSACTION CONTEMPLATED BY THE LOAN AGREEMENT AND EVIDENCED HEREBY, BORROWER AND LENDER HEREBY WAIVE ANY RIGHT TO A TRIAL BY JURY OF ANY OR ALL ISSUES ARISING IN ANY ACTION, PROCEEDING OR COUNTERCLAIM BETWEEN BORROWER AND LENDER OR THEIR RESPECTIVE SUCCESSORS OR ASSIGNS IN RESPECT OF ANY MATTER ARISING OUT OF, UNDER OR CONNECTED IN ANY MANNER WHATSOEVER WITH THIS NOTE OR THE OTHER LOAN DOCUMENTS.

(m) Applicable Law: THIS NOTE HAS BEEN EXECUTED AND DELIVERED IN TEXAS, AND SHALL BE CONSTRUED IN ACCORDANCE WITH THE APPLICABLE LAWS OF THE STATE OF TEXAS AND THE LAWS OF THE UNITED STATES OF AMERICA APPLICABLE TO TRANSACTIONS IN TEXAS.

LOAN DOCUMENTS:

(a) This Note consisting of 7 pages;

(b) The Deed of Trust (Security Agreement, Assignment of Leases, Assignment of Rents, and Financing Statement) securing this Note, covering the following described property, to-wit:

All of Lot One (1) in Block One (1) of Creekside Manor Phase 2, an Addition to the City of Killeen, Bell County, Texas, according to the plat of record in Cabinet "D", Slide 109-B of the Plat Records of Bell County, Texas. [Being one and the same property as described in Deed of Trust (Security Agreement, Assignment of Leases, Assignment of Rents and Financing Statement) dated June 23, 2008, and recorded under Clerk's File No. 00022085 in the Office of the County Clerk of Bell County, Texas].

(c) Financing Statement; and

(d) All other documents signed in connection with the loan evidenced by this Note.

THIS LOAN IS PAYABLE IN FULL AT MATURITY ON DECEMBER 17, 2013. YOU MAY BE REQUIRED TO REPAY THE ENTIRE PRINCIPAL BALANCE AND UNPAID INTEREST THEN DUE. LENDER IS UNDER NO OBLIGATION TO REFINANCE THE LOAN AT THAT TIME, ALTHOUGH IT MAY CONSIDER DOING SO. SOME OF THE FACTORS THAT LENDER WILL CONSIDER IN DETERMINING WHETHER OR NOT TO REFINANCE THE BALANCE AT MATURITY INCLUDE YOUR PAYMENT RECORD ON THIS LOAN, WHETHER THERE HAS BEEN A SIGNIFICANT DECLINE IN THE VALUE OF THE PROPERTY SECURING THIS LOAN AND WHETHER THERE HAS BEEN A SIGNIFICANT CHANGE IN YOUR FINANCIAL CONDITION SINCE THIS LOAN WAS MADE. THEREFORE, YOU MAY BE REQUIRED TO MAKE PAYMENT OUT OF OTHER ASSETS THAT YOU MAY OWN, OR YOU MAY HAVE TO FIND ANOTHER LENDER WILLING TO LEND YOU THE MONEY AT PREVAILING MARKET RATES, WHICH MAY BE HIGHER THAN THE INTEREST RATE ON THIS LOAN. IF YOU REFINANCE THIS LOAN AT MATURITY, YOU MAY HAVE TO PAY SOME OR ALL OF THE CLOSING COSTS NORMALLY ASSOCIATED WITH A NEW LOAN EVEN IF YOU OBTAIN REFINANCING FROM LENDER.

THIS WRITTEN PROMISSORY NOTE AND OTHER WRITTEN LOAN DOCUMENTS EXECUTED CONTEMPORANEOUSLY WITH THIS PROMISSORY NOTE REPRESENT THE FINAL AGREEMENT BETWEEN THE PARTIES AND MAY NOT BE CONTRADICTED BY EVIDENCE OF PRIOR, CONTEMPORANEOUS, OR SUBSEQUENT ORAL AGREEMENTS OF THE PARTIES.

THERE ARE NO UNWRITTEN ORAL AGREEMENTS BETWEEN THE PARTIES.

Dated this 17th day of June, 2010.

BORROWER:

KILLEEN AKASH HOTELS INTERNATIONAL, INC.,

BY: _____
JOGA S. MANN, PRESIDENT

BY: _____
RIKKI A. K. MANN, SECRETARY

STATE OF _CALIFORNIA_ §
COUNTY OF _SACRAMENTO_ §

This instrument was acknowledged before me on the 22 day of June, 2010, by Joga S. Mann, President of Killeen Akash Hotels International, Inc., and in the capacity therein stated.

_____
NOTARY PUBLIC

TONIA L. HOBBS
COMM. # 1864689
NOTARY PUBLIC-CALIFORNIA
SACRAMENTO COUNTY
My Comm. Exp. Sep. 12, 2013

STATE OF _CALIFORNIA_ §
COUNTY OF _SACRAMENTO_ §

This instrument was acknowledged before me on the 22 day of June, 2010, by Rikki A. K. Mann, Secretary of Killeen Akash Hotels International, Inc., and in the capacity therein stated.

_____
NOTARY PUBLIC

TONIA L. HOBBS
COMM. # 1864689
NOTARY PUBLIC-CALIFORNIA
SACRAMENTO COUNTY
My Comm. Exp. Sep. 12, 2013

47001415

# EXHIBIT C

## GUARANTY

SHAMROCK _____ TEXAS
(City)                                                  (State)

AUGUST 20, 2007

For good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, and to induce FIRST NATIONAL BANK DBA NATIONAL BANK OF COMMERCE _____
therein, with its participants, successors and assigns, called "Lender"), at its option, at any time or from time to time to make loans or extend other accommodations to or for the account of KILLEEN AKASH HOTELS INTERNATIONAL INC.

(herein called "Borrower") or to engage in any other transactions with Borrower, the Undersigned hereby absolutely and unconditionally guarantees to Lender the full and prompt payment when due, whether at maturity or earlier by reason of acceleration or otherwise, of the debts, liabilities and obligations described as follows:

A. If this ☐ is checked, the Undersigned guarantees to Lender the payment and performance of the debt, liability or obligation of Borrower to Lender evidenced by or arising out of the following: _____
_____ and any extensions,
renewals or replacements thereof (hereinafter referred to as the "Indebtedness").

B. If this ☒ is checked, the Undersigned guarantees to Lender the payment and performance of each and every debt, liability and obligation of every type and description which Borrower may now or at any time hereafter owe to Lender (whether such debt, liability or obligation now exists or is hereafter created or incurred, and whether it is or may be direct or indirect, due or to become due, absolute or contingent, primary or secondary, liquidated or unliquidated, or joint, several, or joint and several; all such debts, liabilities and obligations being hereinafter collectively referred to as the "Indebtedness"). Without limitation, this guaranty includes the following described debt(s): ALL LOANS IN THE NAME KILLEEN AKASH HOTELS INTERNATIONAL INC. _____

The Undersigned further acknowledges and agrees with Lender that:

1. No act or thing need occur to establish the liability of the Undersigned hereunder, and no act or thing, except full payment and discharge of all indebtedness, shall in any way exonerate the Undersigned or modify, reduce, limit or release the liability of the Undersigned hereunder.

2. This is an absolute, unconditional and continuing guaranty of payment of the Indebtedness and shall continue to be in force and be binding upon the Undersigned, whether or not all Indebtedness is paid in full, until this guaranty is revoked by written notice actually received by the Lender, and such revocation shall not be effective as to Indebtedness existing or committed for at the time of actual receipt of such notice by the Lender, or as to any renewals, extensions and refinancings thereof. If there be more than one Undersigned, such revocation shall be effective only as to the one so revoking. The death or incompetence of the Undersigned shall not revoke this guaranty, except upon actual receipt of written notice thereof by Lender and then only as to the decedent or the incompetent and only prospectively, as to future transactions, as herein set forth.

3. If the Undersigned shall be dissolved, shall die, or shall be or become insolvent (however defined) or revoke this guaranty, then the Lender shall have the right to declare immediately due and payable, and the Undersigned will forthwith pay to the Lender, the full amount of all Indebtedness, whether due and payable or unmatured. If the Undersigned voluntarily commences or there is commenced involuntarily against the Undersigned a case under the United States Bankruptcy Code, the full amount of all Indebtedness, whether due and payable or unmatured, shall be immediately due and payable without demand or notice thereof.

4. The liability of the Undersigned hereunder shall be limited to a principal amount of $ UNLIMITED _____
(if unlimited or if no amount is stated, the Undersigned shall be liable for all Indebtedness, without any limitation as to amount), plus accrued interest thereon and all other costs, fees, and expenses agreed to be paid under all agreements evidencing the Indebtedness and securing the payment of the Indebtedness, and all attorneys' fees, collection costs and enforcement expenses referable thereto. Indebtedness may be created and continued in any amount, whether or not in excess of such principal amount, without affecting or impairing the liability of the Undersigned hereunder. The Lender may apply any sums received by or available to Lender on account of the Indebtedness from Borrower or any other person (except the Undersigned), from their properties, out of any collateral security or from any other source to payment of the excess. Such application of receipts shall not reduce, affect or impair the liability of the Undersigned hereunder. If the liability of the Undersigned is limited to a stated amount pursuant to this paragraph 4, any payment made by the Undersigned under this guaranty shall be effective to reduce or discharge such liability only if accompanied by a written transmittal document, received by the Lender, advising the Lender that such payment is made under this guaranty for such purpose.

5. The Undersigned will pay or reimburse Lender for all costs and expenses (including reasonable attorneys' fees and legal expenses) incurred by Lender in connection with the protection, defense or enforcement of this guaranty in any litigation or bankruptcy or insolvency proceedings.

This guaranty includes the additional provisions on page 2, all of which are made a part hereof.

This guaranty is ☒ unsecured; ☐ secured by a mortgage or security agreement dated _____ ;
☐ secured by _____ .

THIS WRITTEN LOAN AGREEMENT REPRESENTS THE FINAL AGREEMENT BETWEEN THE PARTIES AND MAY NOT BE CONTRADICTED BY EVIDENCE OF PRIOR, CONTEMPORANEOUS, OR SUBSEQUENT ORAL AGREEMENTS OF THE PARTIES.
THERE ARE NO UNWRITTEN ORAL AGREEMENTS BETWEEN THE PARTIES.

IN WITNESS WHEREOF, this guaranty has been duly executed by the Undersigned the day and year first above written.

JOGA S. MANN _____

REKHA K. MANN _____

"Undersigned" shall refer to all persons who sign this guaranty, severally and jointly.

## ADDITIONAL PROVISIONS

6. Whether or not any existing relationship between the Undersigned and Borrower has been changed or ended and whether or not this guaranty has been revoked, Lender may, but shall not be obligated to, enter into transactions resulting in the creation or continuance of Indebtedness, without any consent or approval by the Undersigned and without any notice to the Undersigned. The liability of the Undersigned shall not be affected or impaired by any of the following acts or things (which Lender is expressly authorized to do, omit or suffer from time to time, both before and after revocation of this guaranty, without notice to or approval by the Undersigned): (i) any acceptance of collateral security, guarantors, accommodation parties or sureties for any or all Indebtedness; (ii) any one or more extensions or renewals of Indebtedness (whether or not for longer than the original period) or any modification of the interest rates, maturities or other contractual terms applicable to any Indebtedness; (iii) any waiver, adjustment, forbearance, compromise or indulgence granted to Borrower, any delay or lack of diligence in the enforcement of Indebtedness, or any failure to institute proceedings, file a claim, give any required notices or otherwise protect any Indebtedness; (iv) any full or partial release of, settlement with, or agreement not to sue, Borrower or any other guarantor or other person liable in respect of any Indebtedness; (v) any discharge of any evidence of Indebtedness or the acceptance of any instrument in renewal thereof or substitution therefor; (vi) any failure to obtain collateral security (including rights of setoff) for Indebtedness, or to see to the proper or sufficient creation and perfection thereof, or to establish the priority thereof, or to protect, insure, or enforce any collateral security; or any release, modification, substitution, discharge, impairment, deterioration, waste, or loss of any collateral security; (vii) any foreclosure or enforcement of any collateral security; (viii) any transfer of any Indebtedness or any evidence thereof; (ix) any order of application of any payments or credits upon Indebtedness; (x) any election by the Lender under §1111(b)(2) of the United States Bankruptcy Code.

7. The Undersigned waives any and all defenses, claims and discharges of Borrower, or any other obligor, pertaining to Indebtedness, except the defense of discharge by payment in full. Without limiting the generality of the foregoing, the Undersigned will not assert, plead or enforce against Lender any defense of waiver, release, statute of limitations, res judicata, statute of frauds, fraud, incapacity, minority, usury, illegality or unenforceability which may be available to Borrower or any other person liable in respect of any Indebtedness, or any setoff available against Lender to Borrower or any such other person, whether or not on account of a related transaction. The Undersigned expressly agrees that the Undersigned shall be and remain liable, to the fullest extent permitted by applicable law, for any deficiency remaining after foreclosure of any mortgage or security interest securing Indebtedness, whether or not the liability of Borrower or any other obligor for such deficiency is discharged pursuant to statute or judicial decision. The Undersigned shall remain obligated, to the fullest extent permitted by law, to pay such amounts as though the Borrower's obligations had not been discharged.

8. The Undersigned further agrees that the Undersigned shall be and remain obligated to pay Indebtedness even though any other person obligated to pay Indebtedness, including Borrower, has such obligation discharged in bankruptcy or otherwise discharged by law. "Indebtedness" shall include post-bankruptcy petition interest and attorneys' fees and any other amounts which Borrower is discharged from paying or which do not otherwise accrue to Indebtedness due to Borrower's discharge, and the Undersigned shall remain obligated to pay such amounts as though Borrower's obligations had not been discharged.

9. If any payment applied by Lender to Indebtedness is thereafter set aside, recovered, rescinded or required to be returned for any reason (including, without limitation, the bankruptcy, insolvency or reorganization of Borrower or any other obligor), the Indebtedness to which such payment was applied shall for the purposes of this guaranty be deemed to have continued in existence, notwithstanding such application, and this guaranty shall be enforceable as to such Indebtedness as fully as if such application had never been made.

10. Until the obligations of the Borrower to Lender have been paid in full, the Undersigned waives any claim, remedy or other right which the Undersigned may now have or hereafter acquire against Borrower or any other person obligated to pay Indebtedness arising out of the creation or performance of the Undersigned's obligation under this guaranty, including, without limitation, any right of subrogation, contribution, reimbursement, indemnification, exoneration, and any right to participate in any claim or remedy the Undersigned may have against the Borrower, collateral, or other party obligated for Borrower's debts, whether or not such claim, remedy or right arises in equity, or under contract, statute or common law.

11. The Undersigned waives presentment, demand for payment, notice of dishonor or nonpayment, and protest of any instrument evidencing Indebtedness. Lender shall not be required first to resort for payment of the Indebtedness to Borrower or other persons or their properties, or first to enforce, realize upon or exhaust any collateral security for Indebtedness, before enforcing this guaranty.

12. The liability of the Undersigned under this guaranty is in addition to and shall be cumulative with all other liabilities of the Undersigned to Lender as guarantor or otherwise, without any limitation as to amount, unless the instrument or agreement evidencing or creating such other liability specifically provides to the contrary.

13. This guaranty shall be enforceable against each person signing this guaranty, even if only one person signs and regardless of any failure of other persons to sign this guaranty. If there be more than one signer, all agreements and promises herein shall be construed to be, and are hereby declared to be, joint and several in each of every particular and shall be fully binding upon and enforceable against either, any or all the Undersigned. This guaranty shall be effective upon delivery to Lender, without further act, condition or acceptance by Lender, shall be binding upon the Undersigned and the heirs, representatives, successors and assigns of the Undersigned and shall inure to the benefit of Lender and its participants, successors and assigns. Any invalidity or unenforceability of any provision or application of this guaranty shall not affect other lawful provisions and application hereof, and to this end the provisions of this guaranty are declared to be severable. Except as authorized by the terms herein, this guaranty may not be waived, modified, amended, terminated, released or otherwise changed except by a writing signed by the Undersigned and Lender. This guaranty shall be governed by the laws of the State in which it is executed. The Undersigned waives notice of Lender's acceptance hereof.

## Exhibit B

### ASSIGNMENT OF JUDGMENTS AND LOAN DOCUMENTS

LAKELAND WEST CAPITAL, LLC, a Texas Limited Liability Company ("Assignor"), for good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, hereby assigns, transfers, sets over and conveys to SMS FINANCIAL RECOVERY SERVICES, LLC, an Arizona Limited Liability Company ("Assignee"), all of Assignor's right, title and interest in and to (a) the judgments described on **Exhibit A** attached hereto (collectively, the **"Judgments"**) and all related documents and rights Assignor has in the Judgments, as the same may have been assigned, amended, supplemented, restated or modified and (b) the Loan Documents (as defined in the Purchase Agreement (as defined below)), as the same may have been assigned, amended, supplemented, restated or modified.

**TO HAVE AND TO HOLD** the same unto Assignee and its successors and assigns forever.

It is the intention of the parties herein that by virtue of this Assignment, Assignee will become the owner of the Judgments and all of Assignor's rights, title and interest incident thereto.

This Assignment is made without recourse or representation or warranty, express, implied or by operation of law, of any kind and nature whatsoever.

Dated this 30 ᵗʰ day of April, 2019

<div style="text-align:right">

LAKELAND WEST CAPITAL 51, LLC

By: _____
Name: Adam McKee
Its: Member

</div>

STATE OF TEXAS       )
                        ) ss:
COUNTY OF MCLENNAN   )

Before me, the subscriber, a Notary Public in and for said County and State, on this 30 ᵗʰ day of April, 2019, personally appeared Adam McKee, to me known to be the identical person who subscribed the name of the Assignor to the foregoing instrument as its ~~MANAGER~~ Member and acknowledged before me that he executed the same as his free and voluntary act and deed, and as the free and voluntary act and deed of Lakeland West Capital 51 for the uses and purposes therein set forth.

<div style="text-align:right">

_____
Notary Public

</div>

TINA JONES
Notary Public, State of Texas
Comm. Expires 12-02-2019
Notary ID 12245714

**Original Judgment Balance:** $3,033,087.37 (entered 04/18/2017)
**Costs of Court:** $515.00
**Attorney's Fees:** $2,500
**Pre-Petition Accrued Interest** (04/18/2017 – 12/17/2020, 5% interest, compounded annually):
$555,927.52
**TOTAL PRE-PETITION BALANCE:** $3,592,029.89
**Post-Petition Accrued Interest** (12/18/2020 – 09/20/2021): $115,091.12
**TOTAL POST-PETITION BALANCE as of 09/20/2021: $3,707,121.01**

EXHIBIT "2"

EXHIBIT "2"

Exhibit B

## ASSIGNMENT OF JUDGMENTS AND LOAN DOCUMENTS

LAKELAND WEST CAPITAL, LLC, a Texas Limited Liability Company ("**Assignor**"), for good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, hereby assigns, transfers, sets over and conveys to SMS FINANCIAL RECOVERY SERVICES, LLC, an Arizona Limited Liability Company ("**Assignee**"), all of Assignor's right, title and interest in and to (a) the judgments described on **Exhibit A** attached hereto (collectively, the "**Judgments**") and all related documents and rights Assignor has in the Judgments, as the same may have been assigned, amended, supplemented, restated or modified and (b) the Loan Documents (as defined in the Purchase Agreement (as defined below)), as the same may have been assigned, amended, supplemented, restated or modified.

**TO HAVE AND TO HOLD** the same unto Assignee and its successors and assigns forever.

It is the intention of the parties herein that by virtue of this Assignment, Assignee will become the owner of the Judgments and all of Assignor's rights, title and interest incident thereto.

This Assignment is made without recourse or representation or warranty, express, implied or by operation of law, of any kind and nature whatsoever.

Dated this 30th day of April, 2019

<div style="margin-left:40%">

LAKELAND WEST CAPITAL, LLC

By: _____
Name: Adam McKee
Its: Member

</div>

STATE OF TEXAS          )
                         ) ss:
COUNTY OF MCLENNAN     )

Before me, the subscriber, a Notary Public in and for said County and State, on this 30th day of April, 2019, personally appeared Adam McKee, to me known to be the identical person who subscribed the name of the Assignor to the foregoing instrument as its ~~MANAGER~~ Member and acknowledged before me that he executed the same as his free and voluntary act and deed, and as the free and voluntary act and deed of Lakeland West Capital, LLC for the uses and purposes therein set forth.

<div style="margin-left:10%; border:1px solid black; display:inline-block; padding:4px;">

TINA JONES
Notary Public, State of Texas
Comm. Expires 12-02-2019
Notary ID 12245714

</div>

_____
Notary Public

**Original Judgment Balance:** $3,033,087.37 (entered 04/18/2017)
**Costs of Court:** $515.00
**Attorney's Fees:** $2,500
**Pre-Petition Accrued Interest** (04/18/2017 – 12/17/2020, 5% interest, compounded annually):
$555,927.52
**TOTAL PRE-PETITION BALANCE**: $3,592,029.89
**Post-Petition Accrued Interest** (12/18/2020 – 09/20/2021): $115,091.12
**TOTAL POST-PETITION BALANCE as of 09/20/2021: $3,707,121.01**

# EXHIBIT "3"

# EXHIBIT "3"

671117

OMB No. 1545-0123

**Schedule K-1**
**(Form 1120S)**

**2017**

Department of the Treasury
Internal Revenue Service

For calendar year 2017, or tax year

beginning ____ / ____ / 2017 ending ____ / ____

☒ Final K-1   ☐ Amended K-1

**Shareholder's Share of Income, Deductions,**
**Credits, etc.** ▶ See page 2 of form and separate instructions.

| Part II | Shareholder's Share of Current Year Income, Deductions, Credits, and Other Items |
|---|---|

| 1 | Ordinary business income (loss) | 13 | Credits |
|---|---|---|---|
| | 265,938. | | |
| 2 | Net rental real estate income (loss) | | |
| 3 | Other net rental income (loss) | | |
| 4 | Interest income | | |
| 5a | Ordinary dividends | | |
| 5b | Qualified dividends | 14 | Foreign transactions |
| 6 | Royalties | | |
| 7 | Net short-term capital gain (loss) | | |
| 8a | Net long-term capital gain (loss) | | |
| 8b | Collectibles (28%) gain (loss) | | |
| 8c | Unrecaptured section 1250 gain | | |
| 9 | Net section 1231 gain (loss) | | |
| 10 | Other income (loss) | 15 | Alternative minimum tax (AMT) items |
| 11 | Section 179 deduction | 16 | Items affecting shareholder basis |
| | 14,009. | | |
| 12 | Other deductions | | |
| | | 17 | Other information |

**Part I    Information About the Corporation**

**A** Corporation's employer identification number

**B** Corporation's name, address, city, state, and ZIP code

KILLEEN AKASH HOTELS INTERNATIONAL, INC
RODEWAY INN
2210 WATT AVENUE, SUITE B
SACRAMENTO, CA 95825

**C** IRS Center where corporation filed return

e-file

**Part II    Information About the Shareholder**

**D** Shareholder's identifying number

**E** Shareholder's name, address, city, state, and ZIP code

JOGA S MANN
1795 IRONWOOD DRIVE
MINDEN, NV 89423

**F** Shareholder's percentage of stock
ownership for tax year.................... 50 %

F
O
R

I
R
S

U
S
E

O
N
L
Y

*See attached statement for additional information.

BAA  For Paperwork Reduction Act Notice, see the Instructions for Form 1120S.

Schedule K-1 (Form 1120S) 2017

Shareholder 2

SPSA0412L  012/11/17

671117

| Schedule K-1 | 2018 | [X] Final K-1 [ ] Amended K-1 | OMB No. 1545-0123 |

**Schedule K-1**
**(Form 1120S)**
Department of the Treasury
Internal Revenue Service

**2018**

For calendar year 2018, or tax year

beginning / / ending / /

**Shareholder's Share of Income, Deductions, Credits, etc.** ▶ See page 2 of form and separate instructions.

| Part I | Information About the Corporation |

**A** Corporation's employer identification number

**B** Corporation's name, address, city, state, and ZIP code

HUNTSVILLE AKASH HOTELS INT'L, INC.
QUALITY SUITES
2210 WATT AVE, SUITE B
SACRAMENTO, CA 95825

**C** IRS Center where corporation filed return
e-file

| Part II | Information About the Shareholder |

**D** Shareholder's identifying number

**E** Shareholder's name, address, city, state, and ZIP code

JOGA S MANN
1795 IRONWOOD DRIVE
MINDEN, NV 89423

**F** Shareholder's percentage of stock
ownership for tax year..................... 50 %

F
O
R

I
R
S

U
S
E

O
N
L
Y

| Part III | Shareholder's Share of Current Year Income, Deductions, Credits, and Other Items |
|---|---|

| # | Description | # | Description |
|---|---|---|---|
| 1 | Ordinary business income (loss) **-5,745.** | 13 | Credits |
| 2 | Net rental real estate income (loss) | | |
| 3 | Other net rental income (loss) | | |
| 4 | Interest income | | |
| 5a | Ordinary dividends | | |
| 5b | Qualified dividends | 14 | Foreign transactions |
| 6 | Royalties | | |
| 7 | Net short-term capital gain (loss) | | |
| 8a | Net long-term capital gain (loss) | | |
| 8b | Collectibles (28%) gain (loss) | | |
| 8c | Unrecaptured section 1250 gain | | |
| 9 | Net section 1231 gain (loss) **-218,164.** | | |
| 10 | Other income (loss) | 15 | Alternative minimum tax (AMT) items |
| 11 | Section 179 deduction | 16 | Items affecting shareholder basis |
| 12 | Other deductions | | |
| | | 17 | Other information |
| | | V | **-5,745.** |
| | | W | **66,062.** |

*See attached statement for additional information.

BAA  For Paperwork Reduction Act Notice, see the Instructions for Form 1120S.        Schedule K-1 (Form 1120S) 2018

Shareholder 2                SPSA0412L  11/28/18

# EXHIBIT "4"

# EXHIBIT "4"



A FOOD MART
830 E. STREET
MARYSVILLE, CA 95901
(530) 743-9090

9806

11-35/1210

DATE 1-10-2020

PAY TO THE ORDER OF     JOE    MANN OR AKASHBIR MANN    $ 6,750 00/100

Six  thousand  Seven  Hundred  fifty  00/100    DOLLARS

Bank of America.

FOR  ALL  INCOME  TAX  2018

⑈009806⑈ ⑆121000358⑆ 000027044162⑈

# EXHIBIT "5"

# EXHIBIT "5"



**Joe Mann**
September 6, 2018

J S MANN WORKING FARMER

36    21 Comments

👍 Like    💬 Comment    ↗ Share

View 10 more comments

Good one paji
Like   Reply   49w

oking great Waheguru ji
bless you always
Like   Reply   49w

Nice
Like   Reply   49w

Looking great 👍
Like   Reply   49w

at in mood look
great
Like   Reply   49w

**Joe Mann** Real Blessing comes from God
and, also, from Brothers and Sisters dear to
you! Thank You Again....
Like   Reply   49w

Write a comment...



Like  Reply  49w

**Joe Mann** You have to visit us to see it!

Like  Reply  49w

Nice mamaji

Like  Reply  49w

Looking good cowboy!!

Like  Reply  49w

What's going on?

Like  Reply  49w

**Joe Mann** Just following your foot steps....

Like  Reply  49w

Looking good bhaji 👍

Like  Reply  49w

Uncle jee very stylish picture

Like  Reply  49w

tt key te ghat key

Like  Reply  49w

**Mann** Bhaji what are you farming?

Like  Reply  49w

**Joe Mann** Ben Bhaji, Almonds and Walnuts!

Like  Reply  49w

here Bhaji? I grow almonds and Walnuts next to Sacramento airport.

Like  Reply  49w

**Joe Mann** I am farming in Colusa and Fresno.

Write a comment...

EXHIBIT "6"

EXHIBIT "6"

**CHASE** &#9673;                    **DEPOSIT**

CHECKING ☑
SAVINGS ☐
CHASE LIQUID ☐

R/T 600001020

Today's Date **3-16-18**

Customer Name (Please Print)

**Joe mann.**

CASH ▶

CHECK ▶     **11,825 .⁰⁰**

TOTAL FROM
OTHER SIDE ▶

Sign Here (If cash is received from this deposit) ─ ─ ─ ─ ─ ─ ─

X

SUBTOTAL ▶

N13080-OH (Rev 07/17)   70410568  12/17

CASH BACK ▶

▼ Start your account number here

**833293678**     TOTAL **$     11,825.00**

⑈ 1 7 6 5 4 2 1 4 7 9 ⑈  ⑆ 5 0 0 0 0 1 0 2 0 ⑆

$DH$ **DALHAR FARMS LLC**
10628 COUNTY ROAD 117
WEST SACRAMENTO, CA 95691

5001

DATE 07/24/18

PAY TO THE ORDER OF _Joe   Mann_                    $ 12,000 °°

_twelve thousand dollars       on_                    DOLLARS

**FIRST NORTHERN BANK**

FOR _____

⑈005001⑈ ⑆121105156⑆0803284⑈

PAY to the order of Mann Farms LLC

**CHASE** ⬦    **DEPOSIT**

CHECKING ☐
SAVINGS ☐
CHASE LIQUID ☐

R/T 500001020

Today's Date
7.24.16

Customer Name (Please Print)
MANN FarmsInc

CASH ▶

CHECK ▶                    12000.00

TOTAL FROM
OTHER SIDE ▶

Sign Here (If cash is received from this deposit) --------------

X                                     SUBTOTAL ▶          12000.00

N13050-CH  (Rev. 07/15)  80152135  0518

▼ Start your account number here         CASH BACK ▶          O.

                    833293678  TOTAL $    12000.00

⑈ 180504530 5⑈ ⑆50000 1020⑈

DALHAR FARMS LLC
16626 COUNTY ROAD 117
WEST SACRAMENTO, CA 95691

5001

90-915/1211

DATE 07/24/18

PAY TO THE ORDER OF    Joe    Mann    $ 12,000 00

twelve thousand dollars    DOLLARS

FIRST NORTHERN BANK

FOR

⑆005001⑆ ⑈121105156⑈080328411⑈

PAY to the Order of Mann Farms INC

**CHASE** 🅾    **DEPOSIT**

CHECKING ☐
SAVINGS ☐
CHASE LIQUID ☐

R/T 500001020

DEPOSIT

Today's Date
7\30\18

Customer Name (Please Print)
MANN FaRms INC

CASH ▶
CHECK ▶
TOTAL FROM OTHER SIDE ▶    3 \ 50 .60

Sign Here (If cash is received from this deposit) --------
X

SUBTOTAL ▶    3 \ 50 .0 6

N13060-CH (Rev. 07/13)  80152135  05/18

CASH BACK ▶    ⊖.

▼ Start your account number here

83329 3678    TOTAL $    3 150 .0 0

⑈180 5045 3 74⑈  ⑆50000 10 20⑆



**TOBACCO SHOP**
155 JOINER PKWY STE 200
LINCOLN, CA 95648-2348

1244

DATE 5-22-18

PAY TO THE ORDER OF ___Joe Manik___ $ 150-00

___One Hundred fifty___ DOLLARS

Wells Fargo Bank, N.A.
California
wellsfargo.com

FOR _____

Kamaljit Grewal

⑆000000 1244⑆ ⑈ 12 104 288 2⑆ 94 218 2307 2⑈

**MOUNTAIN MIKE'S PIZZA**
4141 MANZANITA AVE. STE. #220
CARMICHAEL, CA 95608
PH. 916-488-7878

3614

90-7118/3211

DATE 07/25/2018

PAY TO THE ORDER OF ___ J.O.E  MANN ___ | $ 1'700 00

One thousand seven hundred dollars only ———→

DOLLARS

**citibank**
CITIBANK, N.A., BR. #663
4005 MANZANITA AVE., SUITE 1
CARMICHAEL, CA 95608

FOR ___ 750 + 150 + 200 + 600

⑈003614⑈ ⑇321171184⑇ 206107872⑈





Account:   NO ACCOUNT NUMBER    THIS PAYMENT FOR OUR MUTUAL CUSTOMER    $1,000.00

Please Direct Any Questions To    58-382/412
(800) 966-4442
WELLS FARGO BANK, NA    0029432428
EL CENTRO HOTEL  PARTNERS LLC    DEPT#34033, PO BOX 29000
2262 S 4TH ST    San Francisco, CA 94139
EL CENTRO, CA 92243-6002    0610061043    0029432428    July 20, 2018

Pay ONE THOUSAND AND 00/100 ------------------------------------    DOLLARS

$ ******1,000.00

TO    JOE MANN
THE    4745 TROWBRIDGE CT    VOID 90 DAYS AFTER ISSUE
ORDER    GRANITE BAY, CA 95746-7240
OF

AUTHORIZED SIGNATURE

⑈00 2943 2428⑈ ⑆04 1203 8 24⑆ 9614001049⑈

2601350

**CHASE** ⬤                    **DEPOSIT**

CHECKING ☐
SAVINGS ☐
CHASE LIQUID ☐

R/T 500001020

Today's Date
7·16·18
Customer Name (Please Print)
Mann Farms

CASH ▶
CHECK ▶
TOTAL FROM OTHER SIDE ▶          11556.60
SUBTOTAL ▶                      11556.60
Sign Here (If cash is received from this deposit) ------
X
N13000-CH (Rev. 07/12)  70548330  10/17

▼ Start your account number here

CASH BACK ▶

83329367B  TOTAL $          11516.66

⎯⎯ ·

DEPOSIT

⑈17468972643⑈ ⑆50000102⑆

8648

**A FOOD MART**
830 E. STREET
MARYSVILLE, CA 95901
(530) 743-9090

11-35/1210

DATE 7-9-18

PAY TO THE ORDER OF _Joe S Mann_ | $ 1050.00

_One thousend fifety_ ———— DOLLARS

Bank of America.

FOR _APril, May, June_          _Mohubut Kaile_

⑈008648⑈ ⑆121000358⑆ 0000270441626⑈

Forms I.C.

PAY to order of Mann

CREDITED TO ACCOUNT OF
WITHIN NAMED PAYEE
FOR DEPOSIT ONLY
JPMorgan Chase Bank, N.A.

**LIBERTY REAL ESTATE, INC.**
DBA 5TH ST. GAS STATION
929 5TH ST.
MARYSVILLE, CA 95901
(530) 742-2582

2173

11-4288/1210

DATE 7-4-18

PAY TO THE ORDER OF ___Joe. S.   Mann___ | $ 1050.40

___One thousand   fifty_____ DOLLARS

Wells Fargo Bank, N.A.

FOR _April, May, June_          Mohabit Kaik

⑈0021173⑈ ⑈121042882⑈ 3790271567⑈

JAHANT FOOD 'N' FUEL SUBWAY

5473

24323 N. HIGHWAY 99
ACAMPO, CA 95220-9526

11-4260/1210 6916

DATE 7/5/18

PAY TO THE ORDER OF Joe Maan                    $ 750 - 00

Seven Hundred Fifty doll only                    DOLLARS

Wells Fargo Bank, N.A.
California
wellsfargo.com

FOR _____                    Buckstun S.W.K

⑈00005473⑈ ⑆121042882⑆ 332152385⑈

PAY TO ORDER OF Mann Farms LLC

JPMorgan Chase Bank  071286  744491  04569

CREDIT TO ACCOUNT OF WITHIN NAMED PAYEE FOR DEPOSIT ONLY
JPMorgan Chase Bank, N.A.

KAILE & KANG, LLC
DBA CIRCLE A
1215 E. 22ND STREET
MARYSVILLE, CA 95901
(530) 742-4992

15169

11-4288/1210

DATE 7-10-18

PAY TO THE ORDER OF Joe S. Mann          $ 1050.40

One thousand fifty ——— DOLLARS

Wells Fargo Bank, N.A.

FOR April, May, June.          Mohabat Kaik

⑊015169⑊ ⑊121042882⑊ 9524185072⑊

[handwritten on back:] Pay to the Order of Dream Farms
FOR DEPOSIT ONLY
CREDIT TO THE ACCOUNT OF WITHIN NAMED PAYEE.
JPMorgan Chase Bank, N.A.

**JAHANT FOOD 'N' FUEL STOP, INC.**
P O BOX 2735
LODI, CA 95241-2735

16678

11-4288/1210 5529
9791266068

DATE 7/9/18

PAY TO THE ORDER OF _Joe Maan_ $ 1350-00

_One Thousand Three Hundred Fifty dollars_ DOLLARS

WELLS FARGO
Wells Fargo Bank, N.A.
California
wellsfargo.com

FOR _2 Q_                    Sulakhan Singh

⑈000 16678⑈ ⑈⑈ 12 104 2882 ⑈⑈ 9791 266068 ⑈

Pay to the order of
Maan Farms LLC

CREDITED TO ACCOUNT OF
THE WITHIN NAMED PAYEE
FOR DEPOSIT ONLY
JPMorgan Chase Bank, N.A.

**TONY D BETTENCOURT**
2406 PARKWOOD DR
SACRAMENTO, CA 95825-0328

6116

90/7162

DATE 4-3-18

PAY TO THE
ORDER OF   Joe Mann                    $ 100⁰⁰

One Hundred +⁰⁰/₁₀₀                    DOLLARS

**CHASE**
JPMorgan Chase Bank, N.A.
www.Chase.com

MEMO                        Tony R.

⑆322271627⑆    38018036 73⑆ 6116

ENDORSEMENT CANCELLED
JPMorgan Chase Bank N.A.

Pay to the

Transferms



**Account:** NO ACCOUNT NUMBER

PLEASE POST THIS PAYMENT FOR OUR MUTUAL CUSTOMER

$1,000.00

56-382/412

0021414717

EL CENTRO HOTEL, PARTNERS LLC
2352 S 4TH ST
EL CENTRO, CA 92243-0002

Please Direct Any Questions To
(800) 966-4442
WELLS FARGO BANK, NA
DEPT@4002, PO BOX 39000
San Francisco CA 94139
9614001049      0021414717

May 25, 2018

Pay ONE THOUSAND AND 00/100 --------------------------------------------------------

DOLLARS

$  ******1,000.00

TO
THE
ORDER
OF

JOE MANN
4745 TROWBRIDGE CT
GRANITE BAY, CA 95746 7240

VOID 90 DAYS AFTER ISSUE

AUTHORIZED SIGNATURE

⑈0021414717⑈ ⑆041203824⑆ 9614001049⑈

23969940



**CHASE ○**  **DEPOSIT**

CHECKING ☐
SAVINGS ☐
CHASE LIQUID ☐

R/T 500001020

Today's Date

7-18-18

Customer Name (Please Print)

Mann Farms Inc

Sign Here (If cash is received from this deposit)

X

N13060-CH (Rev. 01/12)  70048330  10/17

▼ Start your account number here

| | | |
|---|---|---|
| CASH | ▶ | |
| CHECK | ▶ | |
| TOTAL FROM OTHER SIDE | ▶ | 19413.58 |
| SUBTOTAL | ▶ | 19413.58 |
| CASH BACK | ▶ | |

833293678  TOTAL **$**  19413.58

⑆174689267⑇ ⑈500001020⑈

JPMorganChaseBank  071803  744078  9425508C644Q

**MID TOWN GAS & REPAIR LLC**
1031 30TH ST
SACRAMENTO, CA 05816-5208

18905

11-35/1210 CA
00088

DATE _7-9-18_

PAY TO THE ORDER OF ___JOE MANN___ | $ 750 ⁰⁰/₁₀

— Seven hardred fifty only ⁰⁰/₁₀ DOLLARS

**Bank of America**

ACH R/T 121000398

FOR _____

_Amin & Solel_

⑈018905⑈ ⑆121000358⑆ 000426402162⑈

3115

**ALL-RITE MARKET**
315 E ST.
MARYSVILLE, CA 95901

DATE 7-12-2018

90-7162/3222

Pay to the order of: Joe . S . MANN ,  $ 200 00/100

Two Hundred dollers & 00/100 DOLLARS

**CHASE**
JPMorgan Chase Bank, N.A.
www.Chase.com

FOR Acctivy

#003115# 3222716 27: 585721975

JPMorganChaseBank 071843 741278 24554899844

3 Money Order

Pay to the order of
Jacksto

5128

**HARRY'S LIQUOR & FOOD**
NAV GAS AND FOOD INC
10847 FOLSOM BLVD
RANCHO CORDOVA, CALIFORNIA 95670

90-2267/1211

DATE 7/13/13

PAY
TO THE
ORDER OF  JOE - MANN                                    $ 250.00

Two Hundred + fifty -N/100                              DOLLARS

usbank.

FOR  Book - keeping

⑈005128⑈ ⑆121122676⑆ 15346783311 4⑈

Pay to LLP
means Transm
of the
DO NOT WRITE STAMP OR SIGN BELOW
CHECK HEREAFTER

3191

SOUTHSIDE MINI MART

DATE 7/2/2018

PAY
TO THE
ORDER OF    Joe Man's                                    $ 300.—

Three Hundred Dollar                    DOLLARS

CHASE
JPMorgan Chase Bank, N.A.
www.chase.com

FOR Acating Jun                    Dalbir Singh

⑈003191⑈ ⑆322271627⑆    585089530⑈

JPMorganChaseBank 071803.741078 945550000446

**KSM FOOD STORE, LLC**
5980 FREEPORT BLVD
SACRAMENTO, CA 95822-3507

1060
11-4298/1210 4222

DATE 7/14/18

PAY
TO THE
ORDER OF _____ Joe  S  Mann _____ $ 300. 00/100

Three hundred dollars + 00/100 _____ DOLLARS

Wells Fargo Bank, N.A.
California
wellsfargo.com

FOR _____

⑈000000l060⑈ ⑉l2l04288⑉ l7753l79405⑈

JPMorganChase Bank  071003  7A1078  945550009447

EXHIBIT "7"

EXHIBIT "7"

MANN FARMS, INC.
2210 WATT AVE, SUITE B
SACRAMENTO, CA 95825

5072

90-7182/3222

10/26/ 20 18

PAY TO THE
ORDER OF  JOGA S MANN                    | $ 39000 ⁰⁰/₁₀₀

Thirty-Nine thousand _____ ⁰⁰/₁₀₀ DOLLARS

JPMorgan Chase Bank, N.A.

www.Chase.com

FOR _____

Akashkiv Man

⑈005072⑈ ⑆322271627⑈    833293678⑈



# EXHIBIT "8"

# EXHIBIT "8"

**CHASE** ⬤

BUSINESS ACCOUNT ADD SIGNERS FORM

NAME OF BUSINESS  MANN FARMS, INC.

TAXPAYER ID NO. ▮

BUSINESS ADDRESS 2210 WATT AVE STE B, SACRAMENTO, CA 95825-0514

BRANCH NAME AND NO.  EL CAMINO AND BUTANO - 741078     BANK NO.  703     BRANCH PHONE NO.  (916) 977-3738

INTEROFFICE MAILCODE CA1-4873     PREPARED BY NAME  MATTHEW PERCEY     DATE: 10/06/2016

| Name of the Signer to Add | Title | Signature | Date |
|---|---|---|---|
| JOGA S MANN | SIGNER | | 10-6-16 |

Identification
1) Owner's License     ID Number ▮     Issuer NV     Issuance Date 07/30/2016     Expiration Date 07/30/2019
2) Here

Account Numbers:

| Name of the Signer to Add | Title | Signature | Date |
|---|---|---|---|

Identification     ID Number     Issuer     Issuance Date     Expiration Date

Account Numbers:

| Name of the Signer to Add | Title | Signature | Date |
|---|---|---|---|

Identification     ID Number     Issuer     Issuance Date     Expiration Date

Account Numbers:

CERTIFICATION

The undersigned hereby certifies that the person(s) added as authorized signers on the account(s) indicated above have been added in accordance with resolutions or other documents of the Business regarding signing authority for such accounts. The undersigned further certifies that for those added as authorized signers, the names, titles and signatures are correct.

For a Corporation or Unincorporated Association or Organization:     For Sole Proprietorship:     For Partnership or Limited Liability Company:     For Government Entity:

Secretary     Date     Owner/Sole Proprietor     Date     Partner/Member/Manager     Date     Certifying Official     Date

President     10-6-16

JPMorgan Chase Bank, N.A. Member FDIC

# EXHIBIT "9"

# EXHIBIT "9"

1    Case No. BK-N-20-51140-NMC

2    Chapter 7

3

4

5

6              UNTIED STATES BANKRUPTCY COURT

7                FOR THE DISTRICT OF NEVADA

8                       --o0o--

9    IN RE:

10   JOGA S. MANN

11
             Debtor.
12   ========================================================

13

14

15        RULE 2004 EXAMINATION OF JOGA S. MANN

16             Friday, August 27, 2021

17                  Reno, Nevada

18

19

20

21

22

23   Reported by:          LORI URMSTON, CCR #51, RPR, RMR
                                    CALIF. CCR #3217
24

25   Job No: 794507

RULE 2004 EXAMINATION OF JOGA S. MANN - 08/27/2021

```
                                                       Page 2
 1              --o0o-- APPEARANCES --o0o--

 2   FOR JOGA S. MANN:

 3        LAW OFFICE OF NATHAN R. ZELTZER
          By:  NATHAN R. ZELTZER, ESQ.
 4        232 Court Street
          Reno, Nevada 89501
 5
     FOR THE TRUSTEE:
 6
          HARRIS LAW PRACTICE
 7        By:  , ESQ.
          6151 Lakeside Drive, Suite 2100
 8        Reno, Nevada 89509

 9   ALSO PRESENT:

10        DON GIESEKE
          Bankruptcy Trustee
11

12

13

14

15

16

17

18

19

20

21

22

23

24

25
```

RULE 2004 EXAMINATION OF JOGA S. MANN - 08/27/2021

Page 3

1                          INDEX

2

3   EXAMINATION                                      PAGE

4    By Mr. Harris                                      4

5   EXHIBITS

6    1 - State of Arizona Corporation Commission       31
         Corporate Annual Report & Certificate of
7        Disclosure and related documents re
         Akash Hotels International
8
     2 - Secretary of State Certificate of            36
9        Dissolution and related documents re
         Akash Hotels International
10
     3 - Personal Financial Statement as of 11/1/2006  44
11
     4 - Motels Equity Owned by Joga S. Mann as of     55
12       June 1, 2006

13   5 - Copy of Mann Farms, Inc., Check No. 5072      82

14   6 - Mann Farm Chase deposit slip                  86

15   7 - Copies of checks                              94

16

17

18

19

20

21

22

23

24

25

RULE 2004 EXAMINATION OF JOGA S. MANN - 08/27/2021

Page 50

1   37 acres in the name of Joga Mann?

2       A    I don't know.

3       Q    Was there another entity that owned it?

4       A    I can't remember now.

5       Q    Okay.  But then you gave it to your ex-wife and

6   you're not sure if it's in the property settlement

7   agreement?

8       A    I don't know.

9       Q    Okay.  And then you're not sure if this

10  37 acres is now part of Mann Farms?

11      A    No.

12      Q    You're not sure?

13      A    No, I'm not.

14      Q    Even though you're a signer on the Mann Farms

15  bank account?

16      A    You know, I gave you the reason why they put me

17  on the account.  However, I never sign any check.  He

18  gave me -- he just do it -- you know, go out of state,

19  you know.  And he said, "Dad, if you can pay some bills

20  for me."  You know, if I didn't do that, you know, he

21  gets big problems.  So, for example, like a lot of

22  times, you know, he had to sign some papers when he was

23  out of the country I heard.  Then, you know, they

24  have -- you know, you sell the -- you sell something to

25  a cannery, if you don't sign on that date you lose the

RULE 2004 EXAMINATION OF JOGA S. MANN - 08/27/2021

Page 51

1    contract.

2        Q    Right.

3        A    When you lose a contract, nobody else is buying

4    peaches right now, no other canneries.  So that's what

5    happened.  So in this situation he said, "Dad, if

6    that's the reason, I will authorize you to sign a check

7    if I need to pay anything."

8        Q    Slow down a little bit or she's going to kill

9    you.  I don't want that to happen.

10       A    Okay.  I understand.

11       Q    Just joking.

12       So I'm trying to establish, and you know I'm trying

13   to establish, where the 37 acres went.  And you're

14   basically saying you think it went to your ex-wife,

15   you're not sure how you gave it to her and you're not

16   sure --

17       A    Right now I don't remember.

18       Q    And you don't remember if it's part of Mann

19   Farms now?

20       A    No, I do not.

21       Q    Okay.  Do you know what Mann Farms produces?

22   Do they grow things?

23       A    Yeah, they grow things.

24       Q    What do they grow?

25       A    Almonds.

EXHIBIT "10"

EXHIBIT "10"

**MANN FARMS, INC.**
2210 WATT AVE, SUITE B
SACRAMENTO, CA 95825

5004

90-7162/3222

11 1 2018

PAY TO THE
ORDER OF _____ Mezger Trucking LP _____ $ 837 00

Eight hundred Thirty seven _____ DOLLARS

JPMorgan Chase Bank, N.A.
www.Chase.com

FOR _____

⑈005004⑈ ⑇322271627⑇ 833293678⑈

MANN FARMS, INC.
2210 WATT AVE, SUITE B
SACRAMENTO, CA 95825

5005

90-7182-3222

1-31; 2018

PAY TO THE
ORDER OF Travelers Ins                    $ 2798 20

two thousand Seventhunred twenty eight
DOLLARS

JPMorgan Chase Bank, N.A.

www.Chase.com

FOR

⑈⑈005005⑈  ⑈3222716627⑈:   833293678⑈

02/12/18  996927  985 003  3202  Trvlrs Business
123456  04   001 >921254975 < - 373539321
Credit the account of the within named payee
without prejudice PEG-REGULUS



MANN FARMS, INC.
2210 WATT AVE, SUITE B
SACRAMENTO, CA 95825

5006

00-7102/3222

2/14/2018

PAY TO THE
ORDER OF  CARMEN CLEANING  | $300 00

Three hundred & to—  DOLLARS

JPMorgan Chase Bank, N.A.

www.Chase.com

FOR CONDO

⑆005006⑆ ⑆322271627⑆ 833293678⑆

EXHIBIT "11"

EXHIBIT "11"

**Bank of America** ❯❯❯

BANK OF AMERICA, N.A. (THE "BANK")

**Corporate Signature Card**

| Account Number | 1641 0030 0504 |
| Account Type | BUSINESS ECONOMY CHECKING |
| Account Title | HUNTSVILLE AKASH HOTELS INTL INC |
| | DBA: COMFORT SUITES |

☑ Temporary Signature Card

Name of Corporation    HUNTSVILLE AKASH HOTELS INTL INC

Tax Identification Number ▮▮▮▮

By signing below, the above named Corporation agrees that this account is and shall be governed by the terms and conditions set forth in the following documents, as amended from time to time: (1) the Deposit Agreement and Disclosures, (2) the Business Schedule of Fees, (3) the Miscellaneous Fees for Business Accounts and the Corporation further acknowledges the receipt of these documents.

Substitute Form W-9. Certification-Under penalties of perjury, I certify that: (1) The number shown on this form is the correct taxpayer identification number (or I am waiting for a number to be issued to me), and (2) I am not subject to backup withholding because: (A) I am exempt from backup withholding, or (B) I have not been notified by the Internal Revenue Service (IRS) that I am subject to backup withholding as a result of a failure to report all interest or dividends, or (C) The IRS has notified me that I am no longer subject to backup withholding, and (3) I am a U.S. person (including a U.S. resident alien).

Certification Instructions
You must cross out item (2) above if you have been notified by the IRS that you are currently subject to backup withholding because of underreporting interest or dividends on your tax return. (See also IRS instructions for Form W-9).

☐ Exempt (check if applicable)

The Internal Revenue Service does not require your consent to any provision of this document other than the certifications required to avoid backup withholding.

| Name (typed or printed) | Title | Signature |
| --- | --- | --- |
| 1. Parmbir Mann | Shareholder | |
| 2. Rikki Mann | Shareholder | Rikke Mann |
| 3. Joga Mann | Signor | |
| 4. | | |
| 5. | | |

I, the undersigned, hereby certify (1) I am the Secretary or Assistant Secretary of the Corporation named above, (2) the above named person(s) are those person(s) currently empowered to act under the Corporate resolutions authorizing this account and the other banking services provided for therein, (3) that the title and specimen signature set forth opposite the name of each person are true and genuine, and (4) the Substitute Form W-9 certification.

This _27_ day of _July 2012_

Secretary/Assistant Secretary

**ATM/Deposit/Check Card Request**

Provided that the account referenced above is eligible to receive automated teller machine cards and/or Check Cards, I (as authorized by the resolutions which authorize this account) hereby request the issuance of such cards to any of the authorized signers on this account.

Signature _____    Title _____

**Bank Information**

| Date | 07/27/2012 |
| Banking Center Name | ARDEN-MORSE |
| Associate's Name | ABELINA LOPEZ |
| Associate's Phone Number | 916-971-2666 |

NCA
95-14-9006M 08-2001

1

2012-Sep-06 05:07 PM Bank of America 9169712676

**Bank of America** 🇺🇸

16410U 300504

BANK OF AMERICA, N.A. (THE "BANK")

**Certified Copy of Corporate Resolutions – Opening and Maintaining Deposit Accounts and Services**

Name of Corporation    HUNTSVILLE AKASH HOTELS INTL INC

164101598043

I, the undersigned, hereby certify to    BANK OF AMERICA, N.A.

that I am the Secretary/Assistant Secretary and the designated keeper of the records and minutes of _____

HUNTSVILLE AKASH HOTELS INTL INC _____, duly organized and existing u

State of    ~~USA~~  California _____ (the "Corporation"); that the following is a true copy of resolutions duly ad

Directors of said Corporation at a meeting duly held on the   29   day of   May   2012  , at which a quorum w.

throughout or adopted by the unanimous written consent of the Board of Directors; and that such resolutions are in full force and effect and h

or rescinded.

**1. Resolved,** that   BANK OF AMERICA, N.A. _____ (the "Bi

as a depository of the Corporation and that deposit accounts and/or time deposits (CDs) be opened and maintained in the name of this Corpor

accordance with the terms of the Bank's Deposit Agreement and Disclosures and the applicable rules and regulations for such accounts; that .

following officers or employees of the Corporation:

| Name | Title |
|------|-------|
| Parmbir Mann | General Manager S |
| Parmbir Mann | General Manager |
| Rikki Mann | General Mana |
| Joga Mann | Shareholder |

is hereby authorized, on behalf of this Corporation and in its name, to execute and to sign any application, deposit agreement, signat

documentation required by Bank to open said accounts; to sign checks, drafts, notes, bills of exchange, acceptances, time deposits (CDs) or c

of money; to endorse checks, drafts, notes, bills, time deposits (CDs) or other instruments owned or held by this Corporation for deposit wit

or discount by Bank; to accept drafts, acceptances, and other instruments payable at Bank; to place orders with Bank for the purchase and sa

on behalf of this Corporation; to execute and deliver an electronic fund transfers agreement and to make transfers or withdrawals by electroi

the Corporation; to obtain an access device (including but not limited to a card, code, or other means of access to the Corporation's account

the purpose of initiating electronic fund transfers [Corporation agrees and acknowledges that neither the Electronic Funds Transfer Act (15 U

Regulation E (12 C.F.R. Part 205) are applicable to any such access device]; to establish and maintain a night deposit relationship; to exe

transfer agreement and to request, or to appoint or delegate from time to time such persons who may request, wires of funds; to enter into a

Bank for the provision by Bank of various Treasury Management services to this Corporation as such officer or employee may determ

discretion, and to sign any and all documents and take all actions required by Bank relative to such Treasury Management services or ·

Corporation's obligations thereunder, and that any such Treasury Management agreement(s) shall remain in full force and effect until writ

given in accordance with the terms of any such agreement shall have been received by Bank and that such termination shall not affect any ac

prior to such termination; to rent or lease a safe deposit box from Bank, to execute the rental agreement or lease, to enter the safe deposit b

rental agreement or lease; to take whatever other actions or enter in to whatever other agreements relating to the accounts or investment of

with Bank and to execute, amend, supplement and deliver to Bank such agreements on behalf of the Corporation upon such terms and condi

employee may deem appropriate and to appoint and delegate, from time to time, such person(s) who may be authorized to enter into such ag

other actions pursuant to such agreements in connection with said accounts that the officer or employee deems necessary; and to waive

protest, and notice of protest or dishonor of any check, note, bill, draft, or other instrument made, drawn or endorsed by this Corporation; and

**2. Further Resolved,** that the Bank be and is hereby authorized to honor, receive, certify, pay or exchange for money orders or other inst

signed in accordance with the foregoing resolutions even though such payment may create an overdraft or even though such instruments may be d

order of any officer or employee signing the same or tendered by such officer or employee or a third party for exchange or cashing, or in pa

obligation of such officer or employee, or for deposit to such officer's or employee's personal account and Bank shall not be required or be

inquire as to the circumstances of the issuance or use of any instrument signed in accordance with the foregoing resolutions or the application

instrument or the proceeds thereof; and, further, that the Bank is authorized to honor any instructions regarding withdrawals, orders for paym

whether oral, by telephone or electronic means if such withdrawal, orders or transfer are initiated by an above authorized officer or employee; and

**3. Further Resolved,** that the Bank be and is hereby requested, authorized and directed to honor and to treat as authorized, checks, d

the payment of money drawn or purportedly drawn in this Corporation's name, including those payable to the individual order of any perso

Date: 7/7/2015 Time: 5:19:50 PM (US Central Time) Scanned From IP: 10.170.38.9

**Bank of America**

BANK OF AMERICA, N.A. (THE "BANK")

**Business Signature Card
with Substitute Form W-9**

Account Number: 1641 0030 0601                     Bank Number: 318

Account Type: ☒ DDA    ☐ SAV    ☐ CD

Account Title:

AKASH HOTELS INTERNATIONAL, INC.

DBA: SUPER 8

---

**Legal Designation:**

☐ Individual/Sole Proprietor   ☐ Trust/Estate   ☐ Unincorporated Association   ☐ C Corporation   ☒ S Corporation

☐ Partnership (Enter the type of partnership: General, LP, LLP or LLLP) _____

☐ Limited Liability Company (Enter tax classification: C=C Corporation, S=S Corporation, P=Partnership or M=Single Member Sole Proprietor) ____

☐ Other (Defined in W-9 instructions) _____

Social Security Number _____  (or)  Employer Identification Number ████████████

By signing below, I/we acknowledge and agree that this account is and will be governed by the terms and conditions set forth in the account opening documents for my/our account, as they are amended from time to time. The account opening documents include the Deposit Agreement and Disclosures and the Business Schedule of Fees. Furthermore, I/we acknowledge the receipt of these documents. By signing below, I/we acknowledge and agree that the signature(s) will serve as verification for any transactions in connection with this account, and as the certification (set forth below) of the taxpayer identification number (TIN) to which I/we want interest reported. The Deposit Agreement includes a provision for alternative dispute resolution.

Substitute Form W-9. Certification - Under penalties of perjury, I certify that: (1) The number shown on this form is the correct taxpayer identification number (or I am waiting for a number to be issued to me), and (2) I am not subject to backup withholding because: (A) I am exempt from backup withholding, or (B) I have not been notified by the Internal Revenue Service (IRS) that I am subject to backup withholding as a result of a failure to report all interest or dividends, or (C) The IRS has notified me that I am no longer subject to backup withholding, and (3) I am a US citizen or other US person (Defined in the W-9 instructions) and (4) the FATCA code(s) entered on this form (if any) indicating that I am exempt from FATCA reporting is correct.

Certification Instructions: You must cross out item 2 above if you have been notified by the IRS that you are currently subject to backup withholding because you have failed to report all interest and dividends on your tax return. For real estate transactions, item 2 does not apply. For mortgage interest paid, acquisition or abandonment of secured property, cancellation of debt, contributions to an individual retirement arrangement (IRA), and generally, payments other than interest and dividends, you are not required to sign the certification, but you must provide your correct TIN. (Please refer to the IRS instructions for Form W-9).

| The Internal Revenue Service does not require your consent to any provision of this document other than the certifications required to avoid backup withholding. |
| --- |

Exempt payee code (if any) _____

Exemption from FATCA reporting code (if any) _____

☐ Nonresident Alien Status (If applicable) If the beneficial owner of this account is a foreign person, check here, and complete and sign the applicable Form(s) W-8.

| Name (typed or printed) | Title (if applicable) | Signature | Date |
| --- | --- | --- | --- |
| 1 JOGA S MANN | PRESIDENT | _Jm_ | 7-1-15 |
| 2 RIKKI A MANN | SECRETARY | _Rikki Mann_ | 7-1-15 |
| 3 | | | |
| 4 | | | |
| 5 | | | |

KCA
00-14-9297MW  08-2014

© 2012 Bank of America, N.A. All Rights Reserved
Page 1 of 2

Date: 7/7/2015 Time: 5:19:50 PM (US Central Time) Scanned From IP:10.170.38.9

**Account Number:** 1641 0030 0601

☑ Signature Card Addendum on File

**ATM/Deposit/Debit Card Request**

Provided that the account referenced above is eligible to receive automated teller machine cards and/or Debit Cards, I (as authorized by the resolutions and/or court documents and/or other agreements which authorize this account) hereby request the issuance of such cards to any of the authorized signers on this account.

_____                    _____ President. _____

Authorized Signer                                                Title

---

**Review Information**

**Customer 1:**

Name __JOGA S MANN__

ID Type: US Driver License W/Photo    ID#: ████████    ID Issuer: California    Iss. Date: 07/2013    Exp. Date: 11/2016

ID Type: Other Crosedebit    ID#: 4635 ████    ID Issuer: CA | US    Iss. Date: 04/2006    Exp. Date: 07/2011    1/18.

**Customer 2:**

Name __RIKKI A MANN__

ID Type: US Driver License W/Photo    ID#: ████████    ID Issuer: Arizona    Iss. Date: 07/2012    Exp. Date: 07/2028

ID Type: BOA ATM/Cked No Photo    ID#: ████████    ID Issuer: CA | US.    Iss. Date: N/A    Exp. Date: 11/2017

**Customer 3:**

Name _____

ID Type: _____    ID#: _____    ID Issuer: _____    Iss. Date: _____    Exp. Date: _____

ID Type: _____    ID#: _____    ID Issuer: _____    Iss. Date: _____    Exp. Date: _____

**Customer 4:**

Name _____

ID Type: _____    ID#: _____    ID Issuer: _____    Iss. Date: _____    Exp. Date: _____

ID Type: _____    ID#: _____    ID Issuer: _____    Iss. Date: _____    Exp. Date: _____

**Customer 5:**

Name _____

ID Type: _____    ID#: _____    ID Issuer: _____    Iss. Date: _____    Exp. Date: _____

ID Type: _____    ID#: _____    ID Issuer: _____    Iss. Date: _____    Exp. Date: _____

---

**Bank Information**

| | |
|---|---|
| Date | 07/01/2015 |
| Banking Center Name | ARDEN-MORSE |
| Associate's Name | Yadira Perez |
| Associate's Phone Number | ████████ |

NCA
00-14-9297MW 08-2014

Page 2 of 2

2012-Sep-06 09:48 AM Bank of America 9169712676                                    28/29

**Bank of America**

BANK OF AMERICA, N.A. (THE "BANK")                    **Corporate Signature Card**

| Account Number | 1641 0030 0601 | ☐ Temporary Signature Card |
|---|---|---|
| Account Type | BUSINESS ECONOMY CHECKING | |
| Account Title | AKASH HOTELS INTERNATIONAL, INC. | |
| | DBA: SUPER 8 | |

Name of Corporation    AKASH HOTELS INTERNATIONAL, INC.

Tax Identification Number

By signing below, the above named Corporation agrees that this account is and shall be governed by the terms and conditions set forth in the following documents, as amended from time to time: (1) the Deposit Agreement and Disclosures, (2) the Business Schedule of Fees, (3) the Miscellaneous Fees for Business Accounts and the Corporation further acknowledges the receipt of these documents.

Substitute Form W-9. Certification-Under penalties of perjury, I certify that: (1) The number shown on this form is the correct taxpayer identification number (or I am waiting for a number to be issued to me), and (2) I am not subject to backup withholding because: (A) I am exempt from backup withholding, or (B) I have not been notified by the Internal Revenue Service (IRS) that I am subject to backup withholding as a result of a failure to report all interest or dividends, or (C) The IRS has notified me that I am no longer subject to backup withholding, and (3) I am a U.S. person (including a U.S. resident alien).

Certification Instructions
You must cross out item (2) above if you have been notified by the IRS that you are currently subject to backup withholding because of underreporting interest or dividends on your tax return. (See also IRS instructions for Form W-9).

☐    Exempt (check if applicable)

The Internal Revenue Service does not require your consent to any provision of this document other than the certifications required to avoid backup withholding.

| Name (typed or printed) | Title | Signature |
|---|---|---|
| 1. Parmbir Mann | Shareholder | |
| 2. Rikki Mann | Shareholder | |
| 3. Joga Mann | Signer | |
| 4. | | |
| 5. | | |

I, the undersigned, hereby certify (1) I am the Secretary or Assistant Secretary of the Corporation named above, (2) the above named person(s) are those person(s) currently empowered to act under the Corporate resolutions authorizing this account and the other banking services provided for therein, (3) that the title and specimen signature set forth opposite the name of each person are true and genuine, and (4) the Substitute Form W-9 certification.

This _27_ day of _July_ 2012                          Secretary/Assistant Secretary

ATM/Deposit/Check Card Request

Provided that the account referenced above is eligible to receive automated teller machine cards and/or Check Cards, I (as authorized by the resolutions which authorize this account) hereby request the issuance of such cards to any of the authorized signers on this account.

Signature                                            Title

**Bank Information**

| Date | 07/27/2012 |
|---|---|
| Banking Center Name | ARDEN-MORSE |
| Associate's Name | ABELINA LOPEZ |
| Associate's Phone Number | |

NCA
95-14-9006M 08-2001

2012-Aug-13 09:32 AM Bank of America 9169712676                                                          8/14

# Bank of America

BANK OF AMERICA, N.A. (THE "BANK")

**Corporate
Signature Card**

| Account Number | 1641 0030 0601 | ☐ Temporary Signature Card |
|---|---|---|
| Account Type | BUSINESS ECONOMY CHECKING | |
| Account Title | AKASH HOTELS INTERNATIONAL, INC. | |
| | DBA: SUPER 8 | |

**Name of Corporation**   AKASH HOTELS INTERNATIONAL, INC.

**Tax Identification Number**

By signing below, the above named Corporation agrees that this account is and shall be governed by the terms and conditions set forth in the following documents, as amended from time to time: (1) the Deposit Agreement and Disclosures, (2) the Business Schedule of Fees, (3) the Miscellaneous Fees for Business Accounts and the Corporation further acknowledges the receipt of these documents.

Substitute Form W-9. Certification-Under penalties of perjury, I certify that: (1) The number shown on this form is the correct taxpayer identification number (or I am waiting for a number to be issued to me), and (2) I am not subject to backup withholding because: (A) I am exempt from backup withholding, or (B) I have not been notified by the Internal Revenue Service (IRS) that I am subject to backup withholding as a result of a failure to report all interest or dividends, or (C) The IRS has notified me that I am no longer subject to backup withholding, and (3) I am a U.S. person (including a U.S. resident alien).

**Certification Instructions**
You must cross out item (2) above if you have been notified by the IRS that you are currently subject to backup withholding because of underreporting interest or dividends on your tax return. (See also IRS Instructions for Form W-9).

☐   Exempt (check if applicable)

> The Internal Revenue Service does not require your consent to any provision of this document other than the certifications required to avoid backup withholding.

| Name (typed or printed) | Title | Signature |
|---|---|---|
| 1. Parmbir Mann | Shareholder | |
| 2. Rikki Mann | Shareholder | |
| 3. Joga Mann | Signer | |
| 4. | | |
| 5. | | |

I, the undersigned, hereby certify (1) I am the Secretary or Assistant Secretary of the Corporation named above, (2) the above named person(s) are those person(s) currently empowered to act under the Corporate resolutions authorizing this account and the other banking services provided for therein, (3) that the title and specimen signature set forth opposite the name of each person are true and genuine, and (4) the Substitute Form W-9 certification.

This  27  day of  July 2012  2012                     Secretary/Assistant Secretary

## ATM/Deposit/Check Card Request

Provided that the account referenced above is eligible to receive automated teller machine cards and/or Check Cards, I (as authorized by the resolutions which authorize this account) hereby request the issuance of such cards to any of the authorized signers on this account.

Signature                                              Title

## Bank Information

| Date | 07/27/2012 |
|---|---|
| Banking Center Name | ARDEN-MORSE |
| Associate's Name | ABELINA LOPEZ |
| Associate's Phone Number | ██████ |

NCA
95-14-9006M 08-2001

# Bank of America

| | |
|---|---|
| BANK OF AMERICA, N.A. (THE "BANK") | Corporate Signature Card |

| | | |
|---|---|---|
| Account Number | 1641 0030 0501 | ☑ Temporary Signature Card |
| Account Type | BUSINESS ECONOMY CHECKING | |
| Account Title | AKASH HOTELS INTERNATIONAL, INC. | |
| | DBA: SUPER 8 | |

**Name of Corporation**   AKASH HOTELS INTERNATIONAL, INC.

**Tax Identification Number**

By signing below, the above named Corporation agrees that this account is and shall be governed by the terms and conditions set forth in the following documents, as amended from time to time: (1) the Deposit Agreement and Disclosures, (2) the Business Schedule of Fees, (3) the Miscellaneous Fees for Business Accounts and the Corporation further acknowledges the receipt of these documents.

**Substitute Form W-9. Certification-Under** penalties of perjury, I certify that: (1) The number shown on this form is the correct taxpayer identification number (or I am waiting for a number to be issued to me), and (2) I am not subject to backup withholding because: (A) I am exempt from backup withholding, or (B) I have not been notified by the Internal Revenue Service (IRS) that I am subject to backup withholding as a result of a failure to report all interest or dividends, or (C) The IRS has notified me that I am no longer subject to backup withholding, and (3) I am a U.S. person (including a U.S. resident alien).

**Certification Instructions**
You must cross out item (2) above *if you have* been notified by the IRS that you are currently subject to backup withholding because of underreporting interest or dividends on your tax return. (See also IRS Instructions for Form W-9).

☐ Exempt (check if applicable)

| | The Internal Revenue Service does not require your consent to any provision of this document other than the certifications required to avoid backup withholding. |

| | Name (typed or printed) | Title | Signature |
|---|---|---|---|
| 1. | Parmbir Mann | Shareholder | |
| 2. | Rikki Mann | Shareholder | |
| 3. | Joga Mann | Signer | |
| 4. | | | |
| 5. | | | |

I, the undersigned, hereby certify (1) I am the Secretary or Assistant Secretary of the Corporation named above, (2) the above named person(s) are those person(s) currently empowered to act under the Corporate resolutions authorizing this account and the other banking services provided for therein, (3) that the title and specimen signature set forth opposite the name of each person are true and genuine, and (4) the Substitute Form W-9 certification.

This ___27___ day of ___July___ 2012

Secretary/Assistant Secretary

## ATM/Deposit/Check Card Request

Provided that the account referenced above is eligible to receive automated teller machine cards and/or Check Cards, I (as authorized by the resolutions which authorize this account) hereby request the issuance of such cards to any of the authorized signers on this account.

| Signature | Title |
|---|---|
| | |

## Bank Information

| | |
|---|---|
| Date | 07/27/2012 |
| Banking Center Name | ARDEN-MORSE |
| Associate's Name | ABELINA LOPEZ |
| Associate's Phone Number | ▮▮▮▮ |

NCA
95-14-9006M 08-2001

# EXHIBIT "12"

EXHIBIT "12"



**DISCOVER IT® CARD ENDING IN 1755**
CARDMEMBER SINCE 1995

**DISC⬤VER**

## Account Summary  10/18/2020 - 11/17/2020

| | |
|---|---|
| Previous Balance | $14,905.31 |
| Payments and Credits | -$652.90 |
| Purchases | +$1,799.33 |
| Balance Transfers | +$0.00 |
| Cash Advances | +$0.00 |
| Fees Charged | +$0.00 |
| Interest Charged | +$312.42 |
| **New Balance:** | **$16,364.16** |

See Interest Charge Calculation section following the Fees and
Interest Charged section for detailed APR information

| | |
|---|---|
| Credit Line | $20,000 |
| Credit Line Available | $3,635 |
| Cash Advance Credit Line | $3,500 |
| Cash Advance Credit Line Available | $3,500 |



REDACTED

FICO® Score Meter    at Discover.com or visit our mobile app

**3 great reasons to go paperless...**
1. Access past statements any time.
2. Get statements faster than by mail.
3. Join millions to cut clutter & waste.

Go paperless today at **Discover.com/gogreen**

## Payment Information

| New Balance | Minimum Payment | Payment Due Date |
|---|---|---|
| $16,364.16 | $333.00 | 12/16/2020 |

**Late Payment Warning:** If we do not receive your minimum payment by the date
listed above, you may have to pay a late fee of up to $40.00.

**Minimum Payment Warning:** If you make only the minimum payment each period,
you will pay more in interest and it will take longer to pay off your balance. For
example:

| If you make no additional charges using this card and each month you pay... | You will pay off the balance shown on this statement in about... | And you will end up paying an estimated total of... |
|---|---|---|
| Only the minimum payment | 67 years | $142,875 |
| $633 | 3 years | $22,801 (Savings= $120,074) |

If you would like information about credit counseling services, call us at 1-800-347-1121.

**Your next DirectPay automatic payment of $333.00 will be on December 16, 2020.
See "Information For You" section for additional details.**

---

Notice: See reverse side for important information

ACCOUNT NUMBER ENDING IN 1755

| | |
|---|---|
| New Balance | $16,364.16 |
| Minimum Payment Due | $333.00 |
| Payment Due Date | 12/16/2020 |

| Amount Enclosed | $ |
|---|---|

For a faster, easier way to pay... **Discover.com** 📞 **1-800-347-2683**
See reverse for payment cut off times.

## Payment Coupon

Detach at perforation above and return with check payable to
Discover. Do not fold, clip, staple or send cash.

JOGA S MANN
RIKKI MANN
4745 TROWBRIDGE CT
GRANITE BAY CA 95746-7240



PO BOX 29013
PHOENIX AZ 85038-9013

New address, email or phone? Please update on reverse.

0000019864569173198321636416000600000333300

PRINTED ON LINEMARK PAPER • HOLD TO LIGHT TO VIEW • FOR ADDITIONAL SECURITY FEATURES SEE BACK

| 0000380 | 11-24 |
| Office AU # | 1210(8) |

**CASHIER'S CHECK**

0036005024

Remitter:    JOGA S MANN
Operator I.D.:  u615478        u348385

**January 03, 2019**

PAY TO THE ORDER OF    ***DISCOVER ***

***Thirteen thousand dollars and no cents***

**$13,000.00**

Payee Address:
Memo:    CARD NO. 6011 0003 6060 1755

VOID IF OVER US $  13,000.00

WELLS FARGO BANK, N.A.
2301 WATT AVE
SACRAMENTO, CA 95825
FOR INQUIRIES CALL (480) 394-3122

AUTHORIZED SIGNATURE

⑈0036005024⑈ ⑆121000248⑆4861 511483⑈

Details on Back.

Security Features Included.



Discover it® Card

Account number ending ▮▮▮▮

Open Date: Dec 18, 2018- Close Date: Jan 17, 2019

Cardmember Since 1995

Page 1 of 6

## ACCOUNT SUMMARY

| Previous Balance | | $19,524.45 |
|---|---|---|
| Payments and Credits | - | $13,000.00 |
| Purchases | + | $462.26 |
| Balance Transfers | + | $0.00 |
| Cash Advances | + | $0.00 |
| Fees Charged | + | $0.00 |
| Interest Charged | + | $297.26 |
| New Balance | | $7,283.97 |

See Interest Charge Calculation section following the Transactions section for detailed APR information

| Credit Line | $18,000 |
|---|---|
| Credit Line Available | $10,716 |
| Cash Advance Credit Line | $3,500 |
| Cash Advance Credit Line Available | $3,500 |

You may be able to avoid interest on Purchases. See reverse for details.

REDACTED

Track recent scores on the FICO page in this statement

Thank you for your continued enrollment in DirectPay automatic payments. Your next automatic payment of $318.00 will be on February 16, 2019. See "Information For You" section for additional details.

## PAYMENT INFORMATION

| **New Balance** | **$7,283.97** |
|---|---|
| Minimum Payment Due | $318.00 |
| Payment Due Date | February 16, 2019 |

**Late Payment Warning:** If we do not receive your minimum payment by the date listed above, you may have to pay a late fee of up to $37.00.

**Minimum Payment Warning:** If you make only the minimum payment each period, you will pay more in interest and it will take you longer to pay off your balance. For example:

| If you make no additional charges using this card and each month you pay... | You will pay off the balance shown on this statement in about... | And you will end up paying an estimated total of... |
|---|---|---|
| Only the minimum payment | 30 years | $32,957 |

If you would like information about credit counseling services, call 1-800-347-1121.

## REWARDS

| **Cashback Bonus®** | | Anniversary Month November |
|---|---|---|
| Opening Balance | $ | 213.30 |
| New Cashback Bonus This Period | | |
|  Everywhere Else | + $ | 4.62 |
| Redeemed This Period | - $ | 0.00 |
| **Cashback Bonus Balance** | **$** | **217.92** |
| To learn more, log in at **Discover.com** | | |

---

NOTICE: SEE REVERSE SIDE FOR IMPORTANT INFORMATION

Make Check payable to Discover. Do Not Send Cash.
Please fold on the perforation below, detach and return with your payment.

**Payment Coupon**
Please do not fold, clip or staple.

 **Pay Online**
Discover.com

 **Pay by Phone**
1-800-347-3085

JOGA S MANN
RIKKI MANN
4745 TROWBRIDGE CT
GRANITE BAY CA 95746-7240

| Account number ending in | 1755 |
|---|---|
| Minimum Payment Due | $318.00 |
| New Balance | $7,283.97 |
| **Payment Due Date** | February 16, 2019 |
| Amount enclosed | $ |



PO BOX 51908
LOS ANGELES, CA 90051-6208

Phone and Internet payments must be received before midnight ET on your due date to be credited as of the same day.
**Address, e-mail or telephone changed?** Note changes on reverse side.

0000019864569173198320728397130000000031800

EXHIBIT "13"

EXHIBIT "13"



## Payment Information

**Payment Due Date**
**Dec. 01, 2018**

For online and phone payments, the deadline is 8pm ET.

**New Balance**
**$8,339.94**

**Minimum Payment Due**
**$188.00**

**LATE PAYMENT WARNING:** If we do not receive your minimum payment by your due date, you may have to pay a late fee of up to $38.00.

**MINIMUM PAYMENT WARNING:** If you make only the minimum payment each period, you will pay more in interest and it will take you longer to pay off your balance. For example:

| If you make no additional charges using this card and each month you pay... | You will pay off the balance shown on this statement in about... | And you will end up paying an estimated total of... |
|---|---|---|
| Minimum Payment | 28 Years | $21,836 |
| $310 | 3 Years | $11,143 |
| Estimated savings if balance is paid off in about 3 years: $10,693 | | |

If you would like information about credit counseling services, call 1-888-326-8055.

## Account Summary

| | |
|---|---|
| Previous Balance | $5,759.75 |
| Payments | - $3,000.00 |
| Other Credits | - $1,495.86 |
| Transactions | + $6,971.19 |
| Cash Advances | + $0.00 |
| Fees Charged | + $0.00 |
| Interest Charged | + $104.86 |
| **New Balance** | **= $8,339.94** |
| Credit Limit | $10,000.00 |
| Available Credit (as of Nov. 04, 2018) | $1,660.06 |
| Cash Advance Credit Limit | $10,000.00 |
| Available Credit for Cash Advances | $1,660.06 |

**Rewards Balance**
**$94.22**

Track and redeem your rewards with our mobile app or on www.capitalone.com

| Previous Balance | Earned This Period | Redeemed This Period |
|---|---|---|
| $1,024.32 | $97.54 | -$1,027.64 |

## Account Notifications

ⓘ  Welcome to your account notifications. Check back here each month for important updates about your account.

Pay or manage your account on our mobile app or at www.capitalone.com.      Customer Service: 1-800-955-7070      See reverse for Important Information



Please send us this portion of your statement and only one check (or one money order) to ensure your payment is processed promptly. Allow at least seven business days for delivery.

400038

**Payment Due Date: Dec. 01, 2018**

**Account Ending in**

**New Balance**
**$8,339.94**

**Minimum Payment Due**
**$188.00**

**Amount Enclosed**
$ _____



RIKKI MANN
4745 TROWBRIDGE CT
GRANITE BAY, CA 95746-7240

Capital One
P.O. Box 60599
City of Industry, CA 91716-0599

1  4003449216796514  04  8339943000000188000

**How can I Avoid Paying Interest Charges?** If you pay your statement's New Balance in full by the due date, we will not charge you interest on any new transactions that post to the purchase segment. If you have been paying your account in full with no Interest Charges, but then you do not pay your next New Balance in full, we will charge interest on the portion of the balance that you did not pay. For Cash Advances and Special Transfers, we will start charging interest on the transaction date. Certain promotional offers may allow you to pay less than the total New Balance and avoid paying Interest Charges on new purchases. Please refer to the front of your statement for additional information.

**How is the Interest Charge applied?** Interest Charges accrue from the date of the transaction or the first day of the Billing Cycle. Interest Charges accrue on every unpaid amount until it is paid in full. This means you may owe Interest Charges even if you pay the entire New Balance for one Billing Cycle, but did not do so the previous Billing Cycle. Unpaid Interest Charges are added to the corresponding segment of your account.

**Do you assess a Minimum Interest Charge?** We may assess a minimum Interest Charge of $0.50 for each Billing Cycle if your account is subject to an Interest Charge.

**How do you Calculate the Interest Charge?** We use a method called Average Daily Balance (including new transactions).

1. First, for each segment we take the beginning balance each day and add in new transactions and the periodic Interest Charge on the previous day's balance. Then we subtract any payments and credits for that segment as of that day. The result is the daily balance for each segment. However, if your previous statement balance was zero or a credit amount, new transactions which post to your purchase segment are not added to the daily balance.

2. Next, for each segment, we add the daily balances together and divide the sum by the number of days in the Billing Cycle. The result is the Average Daily Balance for each segment.

3. At the end of each Billing Cycle, we multiply your Average Daily Balance for each segment by the daily periodic rate (APR divided by 365) for that segment, and then we multiply the result by the number of days in the Billing Cycle. We add the Interest Charges for all segments together. The result is your total Interest Charge for the Billing Cycle.

The Average Daily Balance is referred to as the Balance Subject to Interest Rate in the Interest Charge Calculation section of this Statement.

NOTE: Due to rounding or a minimum Interest Charge, this calculation may vary slightly from the Interest Charge actually assessed.

**How can my Variable APR change?** Your APRs may increase or decrease based on one of the following indices (reported in The *Wall Street Journal* ). The letter code below corresponds with the letter next to your APRs in the Interest Charge Calculation section of this statement.

| Code next to your APR(s) | How do we calculate your APR(s)? Index + margin | When your APR(s) will change |
|---|---|---|
| P | Prime Rate + margin | The first day of the Billing Cycles that end in Jan., April, July, and Oct. |
| L | 3 month LIBOR + margin | |
| D | Prime Rate + margin | The first day of each Billing Cycle. |
| F | 1 month LIBOR + margin | |

**How can I Avoid Membership Fees?** If a Renewal Notice is printed on this statement, you may avoid paying an annual membership Fee by contacting Customer Service no later than 45 days after the last day in the Billing Cycle covered by this statement to request that we close your account. To avoid paying a monthly membership Fee, close your account and we will stop assessing your monthly membership Fee.

**How can I Close My Account?** You can contact Customer Service anytime to request that we close your account.

**How do you Process Payments?** When you make a payment, you authorize us to initiate an ACH or electronic payment that will be debited from your bank account or other related account. When you provide a check or check information to make a payment, you authorize us to use information from the check to make a one-time ACH or other electronic transfer from your bank account. We may also process it as a check transaction. Funds may be withdrawn from your bank account as soon as the same day we process your payment.

**How do you Apply My Payment?** We generally apply payments up to your Minimum Payment first to the balance with the lowest APR (including 0% APR), and then to balances with higher APRs. We apply any part of yourpayment exceeding your Minimum Payment to the balance with the highest APR, and then to balances with lower APRs.

**Billing Rights Summary** (Does not Apply to Small Business Accounts)

**What To Do If You Think You Find A Mistake On Your Statement:** If you think there is an error on your statement, write to us at:

Capital One P.O. Box 30285 Salt Lake City, UT 84130-0285.

In your letter, give us the following information:

• Account information: Your name and account number.
• Dollar amount: The dollar amount of the suspected error.
• Description of Problem: If you think there is an error on your bill, describe what you believe is wrong and why you believe it is a mistake. You must contact us within 60 days after the error appeared on your statement. You must notify us of any potential errors in writing. You may call us or notify us electronically, but if you do we are not required to investigate any potential errors and you may have to pay the amount in question. We will notify you in writing within 30 days of our receipt of your letter. While we investigate whether or not there has been an error, the following are true:

• We cannot try to collect the amount in question, or report you as delinquent on that amount. The charge in question may remain on your statement, and we may continue to charge you interest on that amount. But, if we determine that we made a mistake, you will not have to pay the amount in question or any interest or other fees related to that amount.

• While you do not have to pay the amount in question until we send you a notice about the outcome of our investigation, you are responsible for the remainder of your balance.

• We can apply any unpaid amount against your credit limit. Within 90 days of our receipt of your letter, we will send you a written notice explaining either that we corrected the error (to appear on your next statement) or the reasons we believe the bill is correct.

**Your Rights If You Are Dissatisfied With Your Purchase:** If you are dissatisfied with the goods or services that you have purchased with your credit card, and you have tried in good faith to correct the problem with the merchant, you may have the right not to pay the remaining amount due on the purchase. To use this right, the following must be true:

1) You must have used your credit card for the purchase. Purchases made with cash advances from an ATM or with a check that accesses your credit card account do not qualify; and

2) You must not yet have fully paid for the purchase.

If all of the criteria above are met and you are still dissatisfied with the purchase, contact us in writing at: Capital One, P.O. Box 30285, Salt Lake City, UT 84130-0285. While we investigate, the same rules apply to the disputed amount as discussed above. After we finish our investigation, we will tell you our decision. At that point, if we think you owe an amount and you do not pay we may report you as delinquent.

ETC-08
11/01/16

© 2016 Capital One. Capital One is a federally registered service mark

## Changing Mailing Address?

You can change your address by signing into your account online or calling Customer Service.

**How do I Make Payments?** You may make your payment in several ways:

1. Online Banking by logging into your account;
2. Capital One Mobile Banking app for approved electronic devices;
3. Calling the telephone number listed on the front of this statement and providing the required payment information;
4. Sending mail payments to the address on the front of this statement with the payment coupon or your account information.

**When will you Credit My Payment?**

• For mobile, online or over the phone, as of the business day we receive it, as long as it is made by 8 p.m. ET.

• For mail, as of the business day we receive it, as long as it is received by 5 p.m. local time at our processing center. You must send the bottom portion of this statement and your check to the payment address on the front of this statement. Please allow at least seven (7) business days for mail delivery. Mailed payments received by us at any other location or payments in any other form may not be credited as of the day we receive them.



## Transactions

Visit www.capitalone.com to see detailed transactions.

**RIKKI MANN          : Payments, Credits and Adjustments**

| Date | Description | Amount |
|------|-------------|--------|
| Oct 5 | REDTAIL 979-696-5696COLLEGE STATITX | - $35.23 |
| Oct 7 | CREDIT-CASH BACK REWARD | - $1,027.64 |
| Oct 13 | TRACTOR-SUPPLY-CO #0393COLLEGE STATITX | - $432.99 |
| Oct 15 | CAPITAL ONE ONLINE PYMTAuthDate 15-Oct | - $3,000.00 |

**RIKKI MANN          Transactions**

| Date | Description | Amount |
|------|-------------|--------|
| Oct 4 | BESTBUYCOM805566033463888-BESTB UYMN | $221.49 |
| Oct 5 | REDTAIL 979-696-5696COLLEGE STATITX | $88.10 |
| Oct 5 | AGENT FEE  8900745194113SKY BIRD TRAVCA<br>TK#: 8900745194113<br> PSGR: MANN/JOGA SINGH<br>ORIG: XAA, DEST: XAO<br> S/O: X CARRIER: XD SVC: Y | $48.22 |
| Oct 5 | AGENT FEE  8900745194114SKY BIRD TRAVCA<br>TK#: 8900745194114<br> PSGR: MANN/RIKKI ARPA<br>ORIG: XAA, DEST: XAO<br> S/O: X CARRIER: XD SVC: Y | $48.22 |
| Oct 5 | AIR CHINA  9997264197677EL SEGUNDOCA<br>TK#: 9997264197677<br> PSGR: MANN/JOGA SINGH<br>ORIG: SFO, DEST: PEK<br> S/O: O CARRIER: CA SVC: S<br>ORIG: PEK, DEST: DEL<br> S/O: O CARRIER: CA SVC: S<br>ORIG: DEL, DEST: PEK<br> S/O: X CARRIER: CA SVC: LX<br>ORIG: PEK, DEST: SFO<br> S/O: O CARRIER: CA SVC: LO | $726.78 |
| Oct 5 | AIR CHINA  9997264197678EL SEGUNDOCA<br>TK#: 9997264197678<br> PSGR: MANN/RIKKI ARPA<br>ORIG: SFO, DEST: PEK<br> S/O: O CARRIER: CA SVC: S<br>ORIG: PEK, DEST: DEL<br> S/O: O CARRIER: CA SVC: S<br>ORIG: DEL, DEST: PEK<br> S/O: X CARRIER: CA SVC: LX<br>ORIG: PEK, DEST: SFO<br> S/O: O CARRIER: CA SVC: LO | $726.78 |
| Oct 6 | SOUTHWES<br>5261496320741800-435-9792TX<br>TK#: 5261496320741 PSGR: MANN/RIKKI<br>ORIG: SMF, DEST: SAN<br> CARRIER: WN SVC: P | $183.80 |

## Transactions Continued

| Date | Description | Amount |
|------|-------------|--------|
| | ORIG: SAN, DEST: HOU<br> CARRIER: WN SVC: P | |
| Oct 6 | SEARS.COM 9300800-349-4358TX | $1,760.59 |
| Oct 12 | THE HOME DEPOT #6559COLLEGE STATITX | $86.92 |
| Oct 13 | TRACTOR SUPPLY CO #5509615-440-4600TN | $432.99 |
| Oct 13 | THE HOME DEPOT #6559COLLEGE STATITX | $115.64 |
| Oct 15 | USPS PO 0566810860SACRAMENTOCA | $72.90 |
| Oct 15 | THE HOME DEPOT #0402YUMAAZ | $225.77 |
| Oct 16 | WAL-MART #4202ROSEVILLECA | $11.80 |
| Oct 31 | HUE & CRY INC800-7623196CA | $163.08 |
| Nov 1 | Intuit *ProConnect800-446-8848CA | $1,979.10 |
| Nov 2 | HUE & CRY INC800-7623196CA | $79.01 |
| **RIKKI MANN #6514: Total** | | **$6,971.19** |
| **Total Transactions for This Period** | | **$6,971.19** |

### Fees

| Date | Description | Amount |
|------|-------------|--------|
| **Total Fees for This Period** | | **$0.00** |

### Interest Charged

| | |
|--|--|
| Interest Charge on Purchases | $104.86 |
| Interest Charge on Cash Advances | $0.00 |
| Interest Charge on Other Balances | $0.00 |
| **Total Interest for This Period** | **$104.86** |

### Totals Year-to-Date

| | |
|--|--|
| **Total Fees charged** | **$0.00** |
| **Total Interest charged** | **$557.69** |

### Interest Charge Calculation

Your Annual Percentage Rate (APR) is the annual interest rate on your account.

| Type of Balance | Annual Percentage Rate(APR) | Balance Subject to Interest Rate | Interest Charge |
|-----------------|------------------------------|----------------------------------|-----------------|
| Purchases | 19.90% D | $6,204.36 | $104.86 |
| Cash Advances | 24.90% D | $0.00 | $0.00 |

P,L,D,F = Variable Rate. See reverse of page 1 for details.

# EXHIBIT "14"

# EXHIBIT "14"



## Placer County Assessor
California

## Property Information

| | |
|---|---|
| **Assessor Parcel Number(APN)** | 466-580-011-000 |
| **Assessment Number** | 466-580-011-000 |
| **Tax Rate Area(TRA)** | 069027 |
| **Current Document Number** | 2018R0033592 |
| **Current Document Date** | 5/14/2018 |
| **SitusAddr** | 4745 TROWBRIDGE CT GRANITE BAY 95746 |
| **Property Type** | SINGLE FAM RES, HALF PLEX |
| **Lot Size(Acres)** | 0.00 |
| **Lot Size(SqFt)** | 39291.00 |
| **Asmt Description** | LOT 83 SILVERWOOD MOR BK V PG 90 |
| **Asmt Status** | ACTIVE |

## Roll Values

| | |
|---|---|
| **Land** | $283,124.00 |
| **Structural Imprv** | $1,155,154.00 |
| **Fixtures Real Property** | $0.00 |
| **Growing Imprv.** | $0.00 |
| **Total land & Improvemnets** | $1,438,278.00 |
| **Fixtures Personal Property** | $0.00 |
| **Personal Property** | $0.00 |
| **Manufactured Homes** | $0.00 |
| **Homeowners Exemption(HOX)** | $0.00 |
| **Other Exemptions** | $0.00 |
| **Net Assessed Value** | $1,438,278.00 |

## Building Description

| | |
|---|---|
| **Building Seq. Number** | 1 |
| **Unit Seq. Number** | 0 |

| | |
|---|---|
| **Building Code** | 1 |
| **Current Doc Num** | 2018R0033592 |
| **Building Square Footage** | 6890 |
| **Number of units** | 1 |
| **Building Type** | Residence |
| **Garage Size** | 818.00 |
| **UnFinished Square Footage** | |
| **Year Built** | 2004 |
| **Bedrooms** | 6 |
| **Full Baths** | 5 |
| **Half Baths** | 1 |
| **FirePlaces** | 4 |
| **Pools** | G |

## Building Description

| | |
|---|---|
| **Building Seq. Number** | 2 |
| **Unit Seq. Number** | 0 |
| **Building Code** | 2 |
| **Current Doc Num** | 2018R0033592 |
| **Building Square Footage** | 936 |
| **Number of units** | 1 |
| **Building Type** | Residence |
| **Garage Size** | 553.00 |
| **UnFinished Square Footage** | |
| **Year Built** | 2004 |
| **Bedrooms** | 1 |
| **Full Baths** | 1 |
| **Half Baths** | 0 |
| **FirePlaces** | N |
| **Pools** | G |

**Matthew R. Maynard**
Assessor



2980 Richardson Dr Auburn, CA, 95603

530-889-4300

assessor@placer.ca.gov

Copyright © 2021 Megabyte Licensing Corporation. All Rights Reserved.

# EXHIBIT "15"

# EXHIBIT "15"

**CHASE** ◉            **DEPOSIT**

CHECKING ☐
SAVINGS ☐
CHASE LIQUID ☐

R/T 500001020

Today's Date
6/5/2019

Customer Name (Please Print)
A-1 Super

CASH ▶
CHECK ▶            13000.00
TOTAL FROM
OTHER SIDE ▶
SUBTOTAL ▶
CASH BACK ▶

Sign Here (If cash is received from this deposit) - - - - - - - -
X

N13000-CH (Rev 07/12)   9003I927   01/19

▼ Start your account number here

950531173  TOTAL $    $13000.
RM

⑈ 186562362 2⑈   ⑇500001020⑇



CASHIER'S CHECK    0036005244

PAY TO THE ORDER OF    ***A-1 SUPER HOTELS, INC.***

June 05, 2019

***Thirteen thousand dollars and no cents***    **$13,000.00**

WELLS FARGO BANK, N.A.
2301 WATT AVE
SACRAMENTO, CA 95825
FOR INQUIRIES CALL (480) 394-3122

VOID IF OVER US $ 13,000.00

AUTHORIZED SIGNATURE



0214231748